STATE ex rel. WOODS-YOUNG Co., *Petitioners*, vs. GEO. W. TEDDER, Judge Twenty-second Judicial Circuit, and MARYLAND CASUALTY COMPANY, *Respondents*.

138 So. 643.

En Banc.

Opinion filed January 4, 1932.

1084

*McCune, Hiaasen & Fleming,* for Petitioners;

*Fred H. Davis,* Attorney General, for Geo. W. Tedder, Circuit Judge, and *P. L. Gaskins* and *John F. Hall,* for Maryland Casualty Company, Respondents.

ANDREWS, Commissioner.—This is an original proceeding in Prohibition wherein the petitioner, Woods-Young Co., a Florida corporation, obtained a rule of this Court directed to Honorable Geo. W. Tedder, Circuit Judge, and the Maryland Casualty Company, to show cause why a writ of prohibition shall not be awarded, prohibiting said respondents from proceeding further against petitioner, Woods-Young Co., pursuant to the service of process by publication under the provisions of Chapter 11829, Laws of Florida 1927, in two real estate foreclosure causes, No. 5777 and 5807, covering lands in Broward County.

It appears that petitioner, Woods-Young Co., is a Florida corporation organized under the provisions of Chapter 10096, Laws of Fla. 1925, for the purpose of transacting the business of a Realtor, and in due course filed with the Secretary of State its certificate designating the Woods-Young Building, North Andrews Avenue, Fort Lauderdale, Broward County, Florida, as its place of business or domicile for the service of process and as required by that Act certified the name of Fred W. Kohl as its resident agent upon whom service of process could be had pursuant to the provisions of said Chapter 11829, Laws of Fla. 1927.

The suggestion in Prohibition shows that an original summons in chancery was issued upon filing said chancery cause No. 5777 which was thereafter returned by the Sheriff ''unserved for the reason that after diligent search and inquiry all officers or agents of Woods-Young Co., a corporation under the Laws of Florida, are unknown''; thereafter an alias summons in chancery was issued and returned unserved for the same reasons as stated on the original; that thereafter a Pluries Summons

was issued to said defendant upon which the Sheriff made the following return:

"This writ, in the within entitled cause, was received by me on the 30th day of January, A. D. 1930, and I attempted to serve the same on the within named defendant, WOODS YOUNG COMPANY, a corporation, on Thursday, January 30th, 1930, by attempting to serve it on Fred W. Kohl, at the Woods-Young Building, North Andrews Avenue, Fort Lauderdale, Broward County, Florida, he then and there being the agent of said defendant, and the said Woods-Young Building being its office, place of business and domicile, respectively, for the service of process on it as duly designated by its certificate theretofore filed in the office of the Secretary of State of the State of Florida, as shown by the certificate of said Secretary of State, duly filed in said cause; but I was unable to serve said writ on said date on said defendant or on its said designated, or any other agent or officer of it, for the reason that said office of said defendant, so designated by it as aforesaid, was not kept open at any time on said date; and further I was unable to serve the within Writ on said defendant in Broward County, Florida, at any time for the reason that I was unable to find said defendant or any of its officers, or agents, in Broward County, Florida."

It further appears from the petition for Prohibition that an order of publication was issued by the Clerk of the Circuit Court, based upon the above quoted return of the Sheriff, directed to the defendant Woods-Young Co., a Florida corporation, requiring it to appear to the said Bill of Complaint, which was published and proof thereof duly filed, pursuant to said Chapter 11829, Laws 1927 (Secs. 4257-4271, C. G. L. 1927). It is noted that a return, with an order, publication and proof, identical with the above case No. 5777, were made in case No. 5807. A special appearance and motion to quash was filed by the Woods-Young Co., in cause No. 5777, and a special appearance and Plea to the Jurisdiction was filed in Cause No. 5807. Thereafter the "motion to quash" was denied in Suit No.

5777 and the "Plea to the Jurisdiction" was overruled in Case No. 5807.

The Suggestion in Prohibition filed in this Court, upon which the rule to show cause was issued, was based upon the above rulings of the trial court. Demurrers were filed by the respondents, (Judge Tedder and Maryland Casualty Company) to each petition, respectively, which raised the question of the sufficiency of the allegations of fact contained in the Suggestion of Prohibition.

Petitioner Woods-Young Co. contended that those provisions of said Chapter 11829, involved here, defining the method of service and return of service of summons upon domestic corporations, is unconstitutional in that it denies the defendant corporation the equal protection of the law and due process of the law, as guaranteed by the Federal and State Constitutions; that it contains no provision for mailing notice of the order of publication to the defendant or its officers or agents, nor requires the Sheriff to search the resident county of the corporation to locate defendant's officers or agents; that the statute seeks to regulate a private business and to confer judicial powers upon the Clerk, also Sheriff; that it is an arbitrary discrimination between natural persons, unincorporated associations, partnerships and certain corporations on the one hand and domestic and foreign corporations on the other, in that by Section 14 of said Chapter 11829, the provisions of the Act do not apply equally to certain corporations—such as banking, trust, safe deposit, insurance, surety, express companies, etc.

It is observed that Section 1 of Chapter 11829, Acts of 1927, (Sec. 4257 C. G. L. 1927) provides that corporations shall designate an office or place of business or domicile for the service of process within the state by giving the correct address, also notice of any change of address, ten days before making such change; Section 2 (Sec. 4258 C. G. L. 1927) provides that such designated place of

business shall be kept open from ten to twelve o'clock each day except Sundays and legal holidays and it shall have at such office during such hours one or more officers or agents upon whom process may be served; Section 5 (Sec. 4261 C. G. L. 1927) provides that if a corporation shall fail to keep an officer or agent at the office designated upon whom process may be served and return of the Sheriff shows that "service of process was attempted at such office and that such officer was unable to make said service, either by reason of the fact that said office was not kept open as herein provided, or that there was no officer or agent at such office upon whom service of process could be had; then under such circumstances and in any such event, the Clerk of the Court * * * shall make an order against such corporation requiring it to appear in such cause upon a rule day to be fixed by the order," and the same shall be published for four consecutive weeks in a newspaper in the county, etc.; Section 9 (Sec. 4265 C. G. L. 1927) provides that said Act shall be deemed accumulative of all other provisions and shall not prevent the service of process being made upon any corporation in accordance with any statute then in force in this state.

It will be observed the return of the Sheriff upon both the original and alias summons states that they were returned unserved "for the reason that after diligent search and inquiry all officers or agents of Woods-Young Co., a corporation under the Laws of the State of Florida, are unknown." This shows that service of the two first summonses were not made under the provisions of Chapter 11829, Acts of 1927.

Petitioner contends that any resort to a constructive service on a domestic corporation by publication must be predicated upon necessity and if personal service could, under the circumstances, have been effected by the exercise of reasonable diligence that resort to constructive service is not justified.

In the able works of Thompson on Corporations, Vol. 4 (3rd Ed.) page 927, it is stated that it is now well settled that statutes providing for service by publication on domestic corporations under certain circumstances are constitutional; that their validity, however, is generally held to depend upon the fact that the defendant after due diligence cannot be found in the jurisdiction. See Balian v. Wekiwa Ranch, 97 Fla. 180, 122 So. 559.

In the case of Tibbetts vs. Olson et al., 91 Fla. 824, 108 So. 679, this Court in construing Chapter 11364, Laws of 1925, held that:

"The State has power to determine by what process and procedure legal rights may be asserted and determined provided the procedure adopted as applicable to the particular case does not arbitrarily and unjustly discriminate so as to deny to a party the equal protection of the laws, and does afford reasonable notice and fair opportunity to be heard before rights are decided, so as not to deprive any person of life, liberty or property without due process, in violation of organic law."

Secton 12, C. J. 1230; 6 R. C. L. 428, 446, 450, and a number of Federal cases there cited.

In the case of Clearwater Mercantile Co. v. Roberts, et al., 51 Fla. 176, 40 So. 436, which involved the legality of the service of process upon a domestic corporation by publication, under Section 1024, Revised Statutes of 1892, substantially the same as Section 4256, C. G. L., 1927, provides that:

"When process·against any corporation of this State cannot be served owing to the failure of said corporation to elect officers or appoint agents, * * * or *because they are unknown,* it shall be the duty of the officer to return said writ with the cause of his inability to serve the same,"

and further provides that an order shall be made thereon providing for service by publication.

It seems in that case the Clearwater Mercantile Com-

pany had "failed to appoint" any officer or agent upon whom process could be served and a personal judgment was entered upon a default for want of appearance, and it was contended by the plaintiff in error that the statute was unconstitutional in that it authorized a personal judgment without personal service and therefore, did not constitute due process of law. In this connection this Court speaking through Mr. Justice Cockrell said that it was "competent in the legislature to provide as to domestic corporations, when it fails to put forth officers or agents upon whom service may be made, that by reason of such failure it shall be brought into Court by publication."

In the instant case it is shown that while the petitioner corporation has designated the office address of the corporation and filed the name of Fred W. Kohl as its agent upon whom service of process could be made, it appears that the Sheriff attempted to make service on three separate occasions and made three separate returns in which it is shown that both the original and alias summons were returned "unserved for the reason that after diligent search and inquiry all officers or agents of Woods-Young Company, a Florida corporation, are unknown."

The return of the Sheriff on the *pluries summons*, which it is argued constituted the basis for issuance and service of the order of process by publication, shows, as heretofore quoted, that he was unable to serve the pluries summons on Thursday, January 30, 1930, for the reason that said office of said defendant, so designated by it, was "not kept open at any time on said date" and that neither said designated agent nor any other officer of said defendant was at said designated office "at any time on said date" and that he "was unable to serve the within writ on said defendant in Broward County, Florida, at any time, for the reason that I was unable to find said

defendant, or any of its officers or agents, in Broward County, Florida."

The order of publication also states that the return of the Sheriff shows that the office of said defendant was not kept open and that the designated agent was not at said office, as required by law, and that the Sheriff was unable to find said agent or any of its officers in Broward County, Florida.

The principal contention of petitioner is that the statutory requirement that legal service of process may be made at the office of the defendant between the hours of ten and twelve any day, except Sundays and Holidays, whether the designated agent or any officer of the corporation happens to be out or in, is an unconstitutional provision and cannot furnish a legal basis for an order of service of process by publication. It is clear from all three separate returns that they were *not confined to the requirements of Chapter* 11829, Acts 1927, *alone*—by merely attempting service only at the office and between the hours designated—but search and inquiry was made in Broward County.

In the case of McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, it was held that:

"The test, however, is not whether it was in fact possible to effect personal service in a given case, but whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant."

The above case further holds that "where personal service cannot be effected after due diligence," the decree is valid and binding without personal service of appearance, if the statute had provided "a reasonable method of imparting notice" to the defendant, and that method

has been strictly followed; citing Arndt v. Griggs, 134 U. S. 316, 10 S. Ct. 557, 33 L. Ed. 918.

It is our view that the portions of Section 5 of Chapter 11829 Acts of 1927 (Sec. 4258 C. G. L. 1927) providing that every corporation shall keep at its designated place of business, on the days named, and from ten to twelve o'clock, an agent or one or more officers upon whom process can be served, and that "if such officer was unable to make service either by reason of the fact that said office was not kept open during the hours specified or that there was no officer or agent upon whom service could be had" that service by publication may be made upon such defendant, would not be complied with unless the return of the Sheriff showed the exercise of reasonable diligence to make such service as is contemplated by the statute; otherwise such service and return would not afford such "a reasonable method of imparting notice" to a defendant corporation as would constitute due process of law nor afford equal protection of the law. Thus it would not be a compliance with the meaning and purpose of the statute for the Sheriff to merely appear at the designated place at such moment within the named hours, and finding no agent or officer then present upon whom to make service, and without any further attempt to make service during the entire period named in the statute, to make a return that such office was not kept open from ten to twelve o'clock or that there was no officer or agent present therein within the time specified. Non constat, such officer or agent may have left the designated place for some good reason for just a few minutes when the Sheriff visited it, and then returned. This would not afford such a reasonable compliance with the statute as would provide a sufficient basis for resort to service by publication.

There is no reason why the returns on all three summonses should not be looked to in applying the rule as

to whether "diligent search and inquiry" were made to effect personal service, which is usually the test. See McDaniel v. McElvy, supra.

In this connection it may be stated that while a corporation may be considered a "person" within the meaning of the constitutional provisions guaranteeing "due process" and "equal protection" of the law, they have not been regarded as having the same legal status as natural persons within the purview of "service of process." In fact, this Court in the case of Clearwater Mercantile Co. v. Roberts, et al., supra, in speaking of constructive service upon domestic corporations, stated:

"We are dealing not with natural persons, who create the governments, but with fictitious entities, called corporations, which are created by the government, deriving therefrom their very existence, with such limitations as the creating power may impose, except only such limitations as may be expressly or by clear implications forbidden by its organic law."

and that

"strictly speaking, there can be no personal service upon a corporation, but only such constructive or substantial service as the law may provide."

There can be no question but that impediments to legal service of process upon corporations have caused much delay and inconvenience to courts, and much litigation; and in many instances serious jurisdictional questions have arisen which in their very nature often involve fundamental law. A natural person may usually be served with process at any place or time if living within the jurisdiction, or if not, his address may ordinarily be obtained through any of the many mediums provided by governmental records, or by personal inquiry, while a corporation may exist this year and dissolve next, or whose officers or agents may be certain persons domiciled at a certain address this month and different persons at entirely different addresses next month; thus making it

necessary that these corporations—so easy to organize under our Florida incorporating Act of 1925—shall designate some definite domicile and persons upon whom process of our courts may be served, in order that such creatures of our government may be available to the courts when necessary for the proper administration of justice.

The Act in the instant case specifically requires the corporation to officially advise the Secretary of State at all times of its exact locality with the names of its officers and agent; if it fails in this simple requirement it should not be heard to complain where difficulties to sheriffs result by reason of the failure to find persons upon whom process can be effected. They may in fact be designated but for some good reason be temporarily absent from the office during the sheriff's attempt at service.

The statute dealing with constructive service of process on natural persons does not require the mailing of an order of publication to a defendant whose officers and agent "are unknown", as it would clearly be a futile act. There could scarcely be a legal presumption that because a domestic corporation is domiciled in the State that personal service must be made because such corporation "cannot be legally absent" from its resident district where suit is brought.

In the instant case the alleged legal address and domicile of the defendant corporation had been previously specified by it, nevertheless the returns on both the original and alias summons state that "after diligent search and inquiry" that such officers or agents "are unknown". It is equally true that if neither Fred W. Kohl nor any officer "are known" after "diligent search and inquiry", it would be futile to state that the agents of a corporation "unknown" "could not be found"; likewise a copy of the order of publication could scarcely be mailed to officers

or agents *unknown,* or who after diligent search and inquiry could not be found in the county.

We fully concur in the position taken by the Supreme Court of the United States in the case of Turell v. Burke Construction Co., 257 U. S. 529, 66 L. Ed. 352, 42 Sup. Ct. Rep. 188, 21 A. L. R. 186, in holding that unconstitutional conditions and burdens cannot be lawfully imposed upon corporations by a State, and that a corporation by seeking and obtaining a right to do business in a State does not thereby become obligated to comply with or estopped from objecting to any provision in the State statutes which are in conflict with the Constitution, as stated in the case of Power·Mfg. Co. v. Sanders, 274 U. S. 490, 71 L. Ed. 1165, 47 S. C. 678, and other cases there cited. The above case further holds that *subject* to the *two fundamental conditions* that there shall be (1) jurisdiction and (2) notice and opportunity to be heard, which seem to be universally prescribed in all legal systems of civilized countries, that courts have up to this time sustained all State laws, statutory or judicially declared, regulating procedure and held them to be consistent with due process of law. See especially Blake v. Zittrouer, 1 Fed. (2nd Ed.) 496, which arose in the Southern District of Florida, in which the constitutionality of Sections 3111 and 3112, Rev. Gen. Statutes of Florida providing for process by publication, was thoroughly discussed and upheld.

Petitioner also contends that said Chapter 11829, unlawfully discriminates as to the method of service of process upon ordinary corporations (as in the instant case), in that the same service is not prescribed for banking, trust, surety, express and other companies of like nature. This contention is not tenable as such corporations (named in Section 14 of the Act) are required to be specially chartered under statutes which are materially different and more exacting in their scope, purpose and relations

to the people of the State and where the method and manner of service of process, as provided by the Act in question, would not always be applicable or necessary. The service of process in the instant case having been, by Section 9 of the Act, declared accumulative and not exclusive of any statutory method then in force, it is clear from the returns upon the three separate summonses that service was not only undertaken to be made at the designated office upon the officers or agent named, but that "diligent search and inquiry" was made, and that no officers or agent could be found at any time in Broward County—which constitutes the territorial jurisdiction of the Twenty-second Judicial Circuit.

Petitioner also contends that the Act is defective for the further reason that it undertakes to confer "judicial powers" upon the Clerk in authorizing him to construe the language of the return of the Sheriff pursuant to issuing the order of publication. A similar question was presented to this Court in the former case of McDaniel vs. McElvy, supra, and it was there held:

"We see no objection to the issuance of the order of publication by the Clerk. The Constitution of Florida (Article 4, Section 15) provides, in effect, that the Legislature may prescribe the duties of the Clerks of the Circuit Courts. In issuing the order of publication, the Clerk acts ministerially, not judicially."

The same rule is applicable to Sheriffs also.

If the return of the Sheriff, in the instant case, had merely stated that he was unable to effect service upon the defendant corporation because the office designated was not open at the hours required on the date named, without stating that he was unable at any time to find any officer or agent in the County, the point raised by the petitioner might be well taken; but upon the returns as actually made, the trial court committed no error in denying the "motion to quash" the service in cause No. 5777 and in

overruling the "plea to the jurisdiction" in cause No. 5807.

The demurrers filed by respondents to the rule to show cause why writs of prohibition should not issue, should be, and are hereby sustained.

Therefore, it is ordered that said rule heretofore issued by this Court to stay proceedings in said chancery causes Nos. 5777 and 5807 respectively, be and the same is hereby quashed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the rule heretofore issued by this Court to stay proceedings in said chancery causes Nos. 5777 and 5807, respectively, be and the same is hereby quashed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.