The Thomas Investment Company v. Martin O. Nelson, *et al.*

182 So. 210.
Opinion Filed June 9, 1938.

*Moreland E. Maddox,* for Appellant;

*Ed. W. Harris* and *C. S. Prosser, Jr.,* for Appellees.

Buford, J.—Appellant filed bill of complaint to foreclose a mortgage on certain lands described in the bill of complaint.

In the bill of complaint it was alleged:

"Plaintiff shows that the title to this property which is now vested in the defendant, Martin O. Nelson and Hilda Nelson, his wife, was acquired by purchase from Lillian B. Mitchell, who obtained a master's deed as a result of a foreclosure of tax certificates against said property, and in which suit The Thomas Investment Company was named

as a defendant, but that said corporation was never served, nor appeared in the said case. That the suit or foreclosure above referred to was Chancery No. 15,462, wherein Lillian B. Mitchell, joined by her husband and next friend, W. H. Mitchell, were plaintiffs and Marie Willard Anderson, *et al.*, were defendants. Plaintiff alleges that the Thomas Investment Company has never engaged in business in the State of Florida and is not now engaged in business in this State and has never done business within the State, but acquired the mortgage herein being foreclosed in the State of Georgia. That the bill of complaint in Chancery Case No. 15,462 showed that The Thomas Investment Company was a Georgia corporation with its principal place of business at Griffin, Georgia, but this plaintiff shows that no notice of said suit was mailed to The Thomas Investment Company at Griffin or any other place and that the Clerk's certificate in regard to service by publication shows that no notice was sent to the said defendant as required by statute. Plaintiff further charges that by reason of the service by publication not being in compliance with the statutes governing service by publication on non-resident corporations which are not and have not done or engaged in business within the State of Florida, that said decree of foreclosure did not affect the rights of the plaintiff herein, and that the purchaser, at said master's sale, acquired his interest therein subject to the plaintiff's mortgage."

Upon process being served the following stipulation was entered into, to-wit:

"The plaintiff and defendants, by their undersigned attorneys, have and do hereby agree and stipulate as follows:

"That plaintiff having filed its bill of complaint to foreclose the mortgage mentioned therein, and having made reference to Chancery Case No. 15,462, wherein Lillian B. Mitchell, *et vir,* were plaintiffs and Marie Willard Ander-

son, *et als.,* were defendants, and the said plaintiff and defendants in this cause desiring to have the court more fully informed as to the pleadings or averments of Chancery Case No. 15,462 and the part thereof having to do with service by publication on The Thomas Investment Company for the purpose of allowing the court to consider same without taking any testimony at the hearing of defendant's motion to dismiss the bill of complaint of the said Thomas Investment Company, the said parties have and do hereby further agree:

"That a copy of all the pertinent parts of the pleadings filed in Chancery Case No. 15,462 are hereto attached and made a part of this stipulation by reference and said parties acknowledge that no service was had upon the Thomas Investment Company in the last mentioned suit except by publication, that the Thomas Investment Company did not appear or plead in said case and that the attached exhibits constitute correct copies of all affidavits (except the publisher's affidavit), certificates or pleadings filed in Chancery Case No. 15,462 on which the defendants in this cause claim that the Thomas Investment Company was duly served, and are the pleadings which the plaintiff, the Thomas Investment Company, claims do not constitute good service by publication. That these exhibits and this stipulation be considered by the court in the foreclosure suit brought by the Thomas Investment Company as a part of the plaintiff's bill of complaint as though same had been attached and made a part thereof by refereence, and that neither party be required to file these exhibits, nor the originals of which they are copies, as evidence, but that same be considered as a part of the records and pleadings in the said foreclosure suit."

Pursuant to the stipulation, copy of the record in the

Chancery Case No. 15462 referred to in the stipulation appears in the record.

In the bill of complaint in that case it is alleged:

"And plaintiff also brings this bill of complaint against The Thomas Investment Company, a corporation existing under the laws of the State of Georgia, which corporation has its principal place of business in Griffin, Spaulding County, Georgia, according to the best information the Plaintiff has been able to secure after diligent search and inquiry, and thereupon complaining says:"

And it is further alleged:

"Plaintiff further represents unto the Court that the defendant, The Thomas Investment Company, a corporation existing under the laws of the State of Georgia, has or claims to have some interest in and to the lands hereinbefore described as the owner and holder of a certain mortgage lien against said premises, the exact nature of such right or claim being unknown to the Plaintiff, Plaintiff alleges, however, that any such right, claim, lien or interest which the said Defendant has in or to said lands is subject, subordinate and inferior to the rights and lien of the Plaintiff under the tax certificates hereinbefore described."

And it was prayed: "* * * that the Defendant, The Thomas Investment Company, a corporation existing under the laws of the State of Georgia, may each be required to answer this bill of complaint, but not under oath, however, answer under oath being hereby expressly waived."

Thereafter, affidavit was filed in the following language:

"Henry U. Stone, being first duly sworn, upon oath deposes and says: That he is Solicitor for the Plaintiff in the above styled cause of action; that affiant applied to and received from the Secretary of State of the State of Florida the attached certificate, which is by reference made a

part of this affidavit as fully as if set forth herein *in haec verba;* that affiant secured said certificate for the purpose of filing same in the above styled cause of action for the purpose of securing service by publication on The Thomas Investment Company, a Georgia corporation, one of the defendants in the above styled cause of action, as provided by the Statutes of the State of Florida; that there is no one in the State of Florida service of a summons in chancery upon whom would bind said defendant, The Thomas Investment Company, a Georgia Corporation."

To the affidavit was attached the certificate of the Secretary of State in the following language:

"I, R. A. Gray, Secretary of State of the State of Florida, do hereby certify that according to my records THE THOMAS INVESTMENT COMPANY, a Georgia Corporation, has not received a permit from this office to transact business in Florida.

"I further certify that said corporation has not filed in this office certificate in compliance with Section 4257 or 4259 of the Compiled General Laws of Florida, 1927, relative to designating an office or place of business or domicile for the service or process, and naming a resident agent to accept service.

"GIVEN under my name and the Great Seal of the State of Florida, at Tallahassee, the Capital, this the thirtieth day of October, A. D. 1933.

"R. A. GRAY,
"Secretary of State."

Thereupon the Clerk of the Circuit Court issued the order of publication in the following language:

"It appearing by Affidavit and Certificate from Secretary of State of Florida filed in the above stated cause that the defendant, THE THOMAS INVESTMENT COMPANY,

a Georgia Corporation, has not received a permit from the office of the Secretary of the State of Florida to transact business in Florida, neither has said Corporation filed in the office of the Secretary of State Certificate in compliance with Section 4257 or 4259 of the Compiled General Laws of Florida, 1927, relative to designating an office or place of business or domicile for the service of process and naming a resident agent to accept service; that there is no one in the State of Florida service of summons upon whom would be binding upon said defendant; it is, therefore, ordered that said non-resident defendant be and it is hereby required to appear to the bill of complaint filed in said cause on or before Monday, the 4th day of December, A. D. 1933, otherwise the allegations of said bill will be taken as confessed by said defendant.

"It is further ordered that this order be published once a week for four consecutive weeks in the Safety Harbor Herald, a newspaper published in said County and State.

"This November 2nd, A. D. 1933.

> "K. B. O'QUINN, Clerk Circuit Court
> "By I. B. Helms, Deputy Clerk."

"(SEAL)

And, pursuant to the publication, filed proof thereof which showed that the notice for constructive service made on November 2, 1933, was published in Safety Harbor Herald, a newspaper designated in said Order, as follows:

"And published in said county and of general circulation therein, once each week for four consecutive weeks in the weekly issues of said newspaper as follows, to-wit: November 3-10-17-24, December 1, 1933. That on the 2nd day of November, 1933, I posted a certified copy of said order at the court-house door of said county."

Thereupon, final decree was entered.

On consideration of a motion to dismiss the instant case the motion was granted on two grounds, as follows,

3. "The bill of complaint shows that the service in the prior foreclosure mentioned in the Bill of Complaint was regular as against the Plaintiff in this suit."

4. "The Bill of Complaint does not show that the service on this Plaintiff in the prior foreclosure suit mentioned in the Bill of Complaint was void or that the said Plaintiff was not properly served with process as provided by statute."

The appellant relies upon the opinion and judgment in the case of Smetal Corporation v. West Lake Investment Co., *et al.*, 126 Fla. 595, 172 Sou. 58. The holding of this Court in that case is not applicable here because in the Smetal Corporation case the purported service was held invalid because it was shown that personal service could have been readily had by reasonable diligence; while in the instant case the record shows that personal service could not have been had.

The appellant contends that service on the foreign corporation by publication could not be had under the provisions of Chapter 11829, Acts of 1927, the same appearing as Section 4257, *et seq.*, C. G. L., but that the plaintiff should have also been required to comply with Section 3111 R. G. S., 4895 C. G. L. The contention is not tenable. Chapter 11829, Acts of 1927, Sections 4257 C. G. L., *et seq.*, authorizes constructive service by publication in the manner which was pursued in Chancery Case No. 15462, referred to in the Bill of Complaint. The provisions of that Chapter are not exclusive. Section 9 of the Act, Section 4265 C. G. L., in terms provides:

"This law shall be deemed cumulative of all other provisions of law, and nothing herein contained shall prevent

the service of process being made upon any corporation in accordance with any statute now in force in the State of Florida."

The provisions of that Act were held valid in the case of State, ex rel. Woods-Young Co., v. Tedder, 103 Fla. 1083, 138 Sou. 643.

In the case involved here the service had was in pursuance and in compliance with one of the methods of service on foreign corporations provided for by statute. Therefore, the decree appealed from should be, and is, affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—My view of this question is that inasmuch as the sworn bill of complaint showed the Georgia address of the Thomas Investment Company, Section 4895 C. G. L. applied, and due process required that copy of the order of publication be mailed to said defendant.