UNITED STATES of America,
Petitioner,

v.

Honorable Burnita S. MATTHEWS,
Judge, United States District Court for
the District of Columbia, Respondent.

Misc. No. 456.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 14, 1954.

Decided Jan. 13, 1955.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The question may be stated as whether under the District of Columbia Code jurisdiction may be obtained through notice by publication in an *in personam* action against a domestic corporation. This question comes before us on motion of the United States for leave to file a petition for writ of mandamus against respondent, a judge of the District Court. The United States had sued the Potomac Chemical Co., Inc., a corporation chartered under the laws of the District of Columbia, for a money judgment. The United States being unable to find any officer or representative of the corporation in the District of Columbia on whom personal service could be made and the Marshal having returned the summons not found, an order for service by publication was made by a judge of the District Court. Publication was then had in accordance with the procedures set forth in §§ 13–104, 13–108, 13–109, 13–110, 13–

111, D.C.Code (1951). On failure of the corporation to appear default was entered by the clerk of the District Court. The United States then moved for judgment by default. This motion was denied and, in addition, the previous entry of default by the clerk was vacated on the ground that service by publication on a domestic corporation was not sufficient to give the District Court jurisdiction to enter judgment *in personam.*[1] To provide an appealable order the court entered judgment, as requested by the United States for that purpose, dismissing its complaint without prejudice; but thereafter the court *sua sponte* vacated this order as improvidently granted. Thereupon the present proceedings were instituted by the United States to obtain a direction from this court requiring respondent judge to render a default money judgment for the United States on its claim, contending that the corporation was duly served by publication and had defaulted.

The United States relies upon § 13–104 read with § 13–108. The former provides:

> "Corporations—Process by publication.

> "In a suit against a corporation, whether foreign or domestic, if process can not be served, such corporation may be proceeded against as a nonresident defendant, by notice by publication."

A nonresident defendant may be proceeded against as provided in § 13–108. This section enables publication to be substituted for personal service of process

> " * * * upon any defendant who cannot be found and who is shown by affidavit to be a nonresident, or to have been absent from the District for at least six months, or against the unknown heirs or devisees of deceased persons,"

but only in partition, divorce, or annulment suits, by attachment, foreclosure of mortgages and deeds of trust, the establishment of title to real estate by possession, the enforcement of mechanics' liens and other actions with respect to real or personal property within the jurisdiction of the court.

The United States contends that the limitations of § 13–108 to suits of an *in rem* nature are not applicable where the suit is against a corporation. It says that by reason of § 13–104 a corporation that cannot be served by other process can be served by publication under § 13–108 without regard to the *in rem* limitations of that section. This position gains strength due to the fact that § 13–108 applies to "any defendant", which includes a corporation, so that it can be argued that unless § 13–104 is intended to permit service by publication on a corporation in an action *in personam* in appropriate circumstances its provisions are superfluous because a corporation could already be so served in actions *in rem.*[2] Notwithstanding the cogency of this reasoning we are reluctant to extend jurisdiction *in personam* by publication unless Congress has clearly so provided though we assume there is no constitutional obstacle in the case of domestic corporations. It would have been natural and simple to phrase § 13–104 specifically to cover suits in which *in personam* liability is sought to be imposed had that been the intention of Congress. Uncertainty of such intention was inevitable, absent more definite language, in view of the provision in § 13–104 that a corporation could be proceeded against as a nonresident. For all provisions of the Code for notice by publication against a nonresident defendant pertain solely to actions *in rem* or *quasi in rem.* Though the expression "any defendant" in § 13–108 includes a corporation there might have been un-

1. The United States abandoned its appeal to this court from this order.

2. Section 13–108 had its origin in the Act of February 22, 1867, 14 Stat. 403, where-

as § 13–104 was not enacted until 1901 as § 112 of the D.C.Code, Act of March 3, 1901, 31 Stat. 1189, 1207.

certainty about this in the legislative mind; for the language modifying the expression is such as ordinarily is used in respect of an individual. It refers to any defendant "who" cannot be found and "who" is shown by affidavit to be a nonresident or to have been absent from the District for at least six months. It will also be seen that notice by publication is made a substitute for personal service when the defendant cannot be found "and" is shown by affidavit to be "a nonresident". This language is hardly suitable for application to a domestic corporation. Some additional provision such as § 13–104 might have been thought desirable to insure that corporations were included in § 13–108 to the same extent as individuals. In other words, Congress might have intended by § 13–104 to serve a purpose other than the extension over corporations of *in personam* jurisdiction through notice by publication. This is emphasized when it is noted that literally to read § 13–104 as the United States contends would permit an *in personam* judgment on the basis of such notice even against a foreign corporation which had had no status whatever in the District of Columbia.

 Notice by publication is a substitute for personal service. It is generally unavailable as a basis for fixing personal liability. It is a means of reaching property or relationships that are within the jurisdiction of the court though all parties are not. While these usual limitations upon the efficacy of such service are not as important in the case of corporations as for individuals, as evidenced by decisions that it is consistent with due process of law to obtain jurisdiction in this man-

ner over a corporation in an *in personam* action,[3] we think our Code should not be judicially construed to go this far in the absence of greater clarity of legislative intention than is evidenced by § 13–104. We think it authorizes notice by publication only in the type of cases in which such notice is available against a nonresident defendant.[4]

The motion is

Denied.

3. See, for example, Pennoyer v. Neff, 95 U.S. 714, 735–736, 24 L.Ed. 565; Clearwater Mercantile Co. v. Roberts, 51 Fla. 176, 40 So. 436, 4 L.R.A.,N.S., 117; State ex rel. Woods-Young Co. v. Tedder, 103 Fla. 1083, 138 So. 643, certiorari denied, 285 U.S. 557, 52 S.Ct. 458, 76 L.Ed. 946; Nelson v. Chicago, B. & Q. R. Co., 225 Ill. 197, 80 N.E. 109, 8 L.R.A.,N.S., 1186. See, also, Restatement, Conflict of Laws § 87 (1934).

4. We have decided this case without reference to the provisions of Pub. L. No. 389, 83d Cong., 2d Sess., 68 Stat. 177, approved June 8, 1954, effective 180 days thereafter. This statute, see, particularly, Sections 11 and 12, shows the care with which Congress recently has treated the subject of service upon a domestic corporation.