531 So.2d 1013 (1988)
BAY CITY MANAGEMENT, INC., and Tidewater Investment, Inc., Appellants,
v.
Jerry HENDERSON, Jr., Appellee.
No. 88-168.
District Court of Appeal of Florida, First District.
September 29, 1988.
*1014 Julian Clarkson of Holland & Knight, Tallahassee, Scott E. Clodfelter of Beggs & Lane, Pensacola, for appellants.
H. Edward Moore, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, for appellee.
SMITH, Chief Judge.
Bay City Management, Inc. (Bay City) and Tidewater Investment, Inc. (Tidewater) appeal an order denying their motion to set aside defaults entered against them, contending that the trial court should have set aside the defaults where no summons was issued to and served upon either of them. We agree and reverse.
Henderson, a tenant of Maison DeVille Apartments in Pensacola, was gunned down on the Maison DeVille parking lot by a fellow tenant and injured severely. He sued Maison DeVille, Ltd., an Alabama limited partnership doing business in Florida, and the general partners, Bay City and Tidewater, which are both Alabama corporations.[1] A summons, issued to the limited partnership, was served on the resident manager of the apartment complex in Pensacola.[2] No summons was issued to Bay *1015 City or Tidewater. They each received by mail from Henderson's attorney a copy of the summons  naming only the limited partnership  and a copy of the complaint. When they failed to serve any papers, defaults were entered against them.
A year later, they became aware that defaults had been entered against them, immediately obtained counsel, and filed a motion to set aside defaults. They did not file a motion to quash for insufficiency of process or insufficiency of service of process, nor did they file a motion to abate the action for lack of jurisdiction over the person. In a paragraph of the motion to set aside defaults, appellants stated that they were making a special appearance to file the motion and that they reserved the right to assert that the trial court lacked in personam jurisdiction over them because of insufficiency of service of process. Later, they amended their motion to allege that there was no valid service of process on them, and therefore Henderson could not proceed to judgment and execution against them in their individual capacities. In denying the motion to set aside defaults, the trial court found that Henderson had obtained valid service of process upon appellants.
Henderson attempted to effect service of process upon appellants under sections 48.061(3) and 48.071, Florida Statutes (1985).[3] However, we agree with appellants that this method of service, available when no general partner is subject to personal jurisdiction within Florida, constituted service upon the partnership, but not upon the general partners. Under the circumstances present here  no general partner in Florida  Henderson could not benefit from the provision in section 48.061(3) that service upon a general partner found within this state "is as valid as if served on each individual member of the partnership."
Further, Henderson's attempt to invoke the provisions of section 48.071 are to no avail, for two reasons. First, that provision (48.071) by its terms applies only to service on nonresident natural persons, or nonresident partnerships. See generally, State v. Tedder, 103 Fla. 1083, 138 So. 643 (1932) cert. denied sub nom. State of Florida ex rel. Woods-Young Co. v. Tedder, 285 U.S. 557, 52 S.Ct. 458, 76 L.Ed. 946 (1932). Since neither Bay City nor Tidewater are natural persons or partnerships, service under section 48.071 (if summons had been issued against Bay City and Tidewater), could have been effective only to bind the partnership, Maison DeVille, Ltd. The second, and more fundamental reason why service of process was not effected under section 48.071 is that no summons was ever issued against either Bay City or Tidewater. Although the issuance and service of a summons may be waived by agreement, Radice Corp. v. Sound Builders, Inc., 471 So.2d 86 (Fla. 2nd DCA 1985), no such agreement was made here.
The purpose of a summons and its service is to notify the defendant that he is being sued, tell him the nature of the litigation, give him an opportunity to defend, *1016 and confer jurisdiction on the court over the defendant's person. Arcadia Citrus Growers Ass'n v. Hollingsworth, 135 Fla. 322, 185 So. 431 (1938). When Henderson failed to issue summons to the appellants, they were not advised that they were individually being called upon to answer the complaint and defend the suit. Thus, they were not obliged to serve any paper. Accordingly, the defaults were erroneously entered against them and should have been vacated. Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987) (judgment entered without service of process is void and could be set aside and struck on motion anytime); Windmill Restaurant Systems, Inc. v. C. & W., Ltd., 416 So.2d 909 (Fla. 2d DCA 1982) (a default judgment is void where there was no summons issued to nor served upon the defaulting party); and compare Brittany, Ltd. v. Brittany of Michigan, 468 So.2d 344 (Fla. 1st DCA 1985) (trial court lacked jurisdiction over nonresident general partner of foreign limited partnership and thus erred in entering judgment against general partner where only limited partnership was issued summons and served and general partner was not named as party defendant, not listed in complaint, and not served with process).
One troubling aspect of this case is whether appellants, by filing the motion to set aside default seeking affirmative relief, without filing a responsive pleading or motion under Rule 1.140(b), Florida Rules of Civil Procedure, challenging the jurisdiction of the court over them, have thereby submitted themselves to the jurisdiction of the court and waived the defects in the lack of process and service of process. We find that they have waived, and that their "special appearance"  by filing a motion to set aside the defaults, merely "reserving" the right to raise these defenses, without actually setting forth these defenses and the grounds on which they were based as required by Rule 1.140(b)  amounted to a general appearance in fact and a waiver of the defects. Rorick v. Stilwell, 101 Fla. 4, 133 So. 609 (1931); S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986); Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982), rev. denied, 430 So.2d 450 (Fla. 1983); Trawick, Florida Practice and Procedure, § 8-22, 10-8 (1987 ed.); see also Annot., Motion to Vacate Judgment or Order As Constituting General Appearance, 31 ALR 2d 262 (1953); compare State ex rel Eli Lilly and Company v. Shields, 83 So.2d 271 (Fla. 1955) (defendant who has properly challenged the court's jurisdiction over the person is not prejudiced by participation in the trial); Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987) (filing of answer and counterclaim does not waive defense of lack of jurisdiction over the person, where answer asserted lack of personal jurisdiction in compliance with Rule 1.140(b), and counterclaim was compulsory); Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966) (no general appearance by defendants who filed motion to vacate default coupled with defensive motions including motion to quash service of process).
The default judgment against appellants is vacated and set aside, and this cause is REVERSED and REMANDED for further proceedings, in which appellants shall file their answer and defenses to Henderson's complaint within such time as shall be ordered by the court.
JOANOS, J., concurs.
ZEHMER, J., concurs and dissents with opinion.
ZEHMER, Judge (concurring and dissenting).
I fully concur in the decision to reverse the order denying the motion to set aside the defaults entered against appellants for the reasons stated in the majority opinion. As no process had ever issued against these two defendants, it was error for the clerk to have granted the plaintiff's motion for default. Plaintiff's motion should have alleged that process had been issued as to each appellant and served upon them as a predicate to the entry of default under rule 1.500, Florida Rules of Civil Procedure, and the clerk should have verified these facts by reviewing the court file before entering the default. Had the clerk done so, it *1017 would have clearly appeared that no process had ever issued against these two defendants and that no return of service or certificate of substituted service of that process had been filed.[1] Since, therefore, no valid judgment could have been entered against appellants as a consequence of the erroneous default entered by clerk, the trial court clearly abused its discretion in denying the motion to set the default aside.
I respectfully dissent from that portion of the majority opinion which proceeds to hold that appellants have waived all defects and objections to service of process by reason of their filing the motion to set aside default without an accompanying rule 1.140 motion challenging service of process and personal jurisdiction. Notwithstanding my doubts as to whether or not appellants' conduct in this case amounts to a waiver as opined by the majority opinion,[2] I am firmly convinced that it is premature for us to entertain such question. The order appealed recited only that:
2. Bay City Investment, Inc. and Tidewater Investment, Inc.'s Motion To Set Aside Default is denied. The Court specifically finds Plaintiff obtained valid service of process upon these defendants and that these defendants failed to demonstrate excusable neglect notwithstanding the Mims case.
The trial court did not consider nor rule on the waiver issue discussed in the majority opinion, and did not base the order, which we now reverse, on that ground. It is, therefore, not necessary that we reach and decide this issue without first permitting the matter to be heard and decided in the trial court. Appellants have clearly submitted themselves to the jurisdiction of the court below for the purpose of vacating the default and determining jurisdictional issues; we should not prejudge the service of process and personal jurisdiction issues until after they have been adjudicated below. For example, have appellants, by their conduct, only subjected themselves to a potential judgment against them as partners that is to be limited to their partnership assets (which appears to be all that was sought by plaintiff when one reads the complaint, the summons, and the affidavit of compliance with section 48.061 referred to above), or have appellants now become subject to an in personam judgment that can reach all of their personal assets to satisfy a partnership debt? Certainly, the trial court's jurisdiction over each appellant cannot exceed that contemplated by the summons and process issued by the clerk. This issue, however, was neither raised nor briefed to us, is not discussed by the majority opinion, and is in no posture to be decided at this point. If appellants have waived all objections and defects to service and in personam jurisdiction, such waiver and the scope of the process actually served can be properly raised and decided in the trial court by reason of appellants' appearance in this case without the plaintiff first having to serve new or additional process upon appellants.
I would, therefore, reverse the appealed order, direct that the default be vacated and set aside, and remand the cause with directions that appellants file their defenses to the complaint, without reaching the issue of waiver.
NOTES
[1] Although no issue is raised concerning it here, we note that the complaint is styled "Jerry Henderson, Jr., Plaintiff, vs. Maison DeVille, Ltd, Bay City Management, Inc. and Tidewater Investments, Inc." thus failing to state that the suit is against Bay City and Tidewater as "copartners" of Maison DeVille, Ltd. See Commentary of Trawick, Florida Practice and Procedure, § 8-11 (1987 ed.), indicating that proper designation of the capacity in which a party is sued is essential to perfection of substituted service.
[2] The summons, styled "Jerry Henderson, Jr., Plaintiff, vs. Maison DeVille, Ltd., et al, Defendant," commands the sheriff "to serve this Summons and a copy of the Complaint in the above styled cause upon the defendant Maison DeVille, Ltd. c/o Mrs. Angela Barrows, Resident Manager, Maison DeVille Apartments, 4805 North 9th Avenue, Pensacola, Florida 32503." (emphasis supplied).
[3] Section 48.061(3) provides:

(3) Process against a foreign limited partnership shall be served on any general partner found in the state and is as valid as if served on each individual member of the partnership. If no general partner is found in Florida, process may be served as provided in ss. 48.071 and 48.21.
Section 48.071 provides:
When any natural person or partnership not residing or having his or their principal place of business in this state engages in business in this state, process may be served on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise or services. Any process so served is as valid as if served personally on the nonresident person or partnership engaging in business in this state in any action against the person or partnership arising out of such business. A copy of such process with a notice of service on the person in charge of such business shall be sent forthwith to the nonresident person or partnership by registered or certified mail, return receipt requested. An affidavit of compliance with this section shall be filed before the return day or within such further time as the court may allow.
[1] The summons was addressed only to "MAISON DeVILLE, LTD. c/o Mrs. Angela Barrows"; it contained no reference to either of the appellants. Plaintiff's counsel did, however, file an "Affidavit of Compliance With Section 48.061, Florida Statutes" in which he referred to the issuance of this process and recited that copies thereof and the complaint were mailed to each of the appellants. This affidavit could not, however, cure the deficiency in the summons as to appellants.
[2] The "Special Appearance" filed by counsel for appellants simultaneously with their motion to set aside default and the motion in paragraph 2 recite that appellants "specifically reserve the right to assert that the Court does not have in personam jurisdiction over them because of insufficiency of service of process." But the motion did not specifically refer to the insufficiency of process as a ground for relief, and instead, alleged excusable neglect under the circumstances, contending that appellants have good defenses on the merits. Several weeks after filing the initial motion to set aside, appellants filed an amendment asserting the lack of in personam jurisdiction over them.