THE FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, PLAINTIFF IN ERROR, vs. W. H. LUFFMAN, AS ADMINISTRATOR OF THE ESTATE OF MARY A. FOLKS, DECEASED, AND R. L. ANDERSON, DEFENDANTS IN ERROR.

1. The provision in section 1019 of the Revised Statutes that service of process upon a corporation may be made by serving the writ upon certain of its agents in the absence of other designated representatives is to be construed, when the contrary intent is not clearly expressed, as meaning in the absence of such representatives from the county where the suit was instituted and such service

The F. C. and P. R. R. Co., v. Luffman—Opinion of Court.

sought, and it need not be shown that they were absent from the State.

2. A writ of scire facias to revive a judgment obtained by one since deceased, was sued out by one claiming an interest in the judgment by assignment from the assignee of the original judgment creditor. A plea denying the assignment of this interest to the plaintiff in the revivor proceedings interposes a good defense to his right to revive, and should be sustained on demurrer.

3. Papers marked filed in evidence by the clerk of the court below, and copied into the transcript of the record filed in this court, but not incorporated into a bill of exceptions, are no part of the record of the case, and should be stricken from the transcript.

4. A case submitted in this court upon abstract of the record to which no exception has been filed must be determined upon the abstracts alone.

This case was decided by Division B.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*L. N. Green,* for Plaintiff in Error.

*R. L. Anderson,* for Defendants in Error.

MAXWELL, J.

A writ of *scire facias* was sued out by the defendants in error to revive a judgment obtained by one Mary A. Folks in her lifetime against the plaintiff in error, and a judgment was rendered reviving the judgment as prayed.

The first assignment of error insisted upon is the 8th,

which is based upon the refusal of the Circuit Court to quash the service of the writ of *scire facias*. The return upon this writ showed that it was served upon the agent of the defendant residing and doing business for defendant in Marion county, in the absence from Marion county of the president, vice-president or other head, treasurer, cashier, secretary, general manager and all directors of said corporation.

Section 1019 of the Revised Statutes prescribing the manner of service of process upon corporations provides that service may be made upon any business agent of the corporation resident in the county in which the action is brought "in the absence of all of" the other representatives named in the above mentioned return of the sheriff. The plaintiff in error contends that the return must show that they are absent from the State, and not merely from the county. This proposition is not tenable. The officer serving the writ, before effecting service upon one of the inferior agents of the corporation, must ascertain that none of those of higher degree is within the reach of his official arm; but he can not be expected to know that they may not be found in some distant part of the State, and this is not required to be shown except in those cases where the statute plainly demands it.

The sixteenth and seventeenth assignments of error are based upon the ruling of the Circuit Court in sustaining the plaintiff's demurrer to the second and third pleas of the defendant.

The judgment which plaintiffs sought to revive was obtained by one Mary A. Folks, who afterward died. This proceeding for revivor was instituted by W. H. Luffman as her administrator, and R. L. Anderson as the assignee of a half interest in the judgment, the averment in the

writ being that Mary A. Folks had assigned the half interest in question to H. L. Anderson and R. L. Anderson, and that H. L. Anderson had assigned his interest therein to R. L. Anderson. The second and third pleas of the defendant respectively denied the making of these several assignments.

It may be that the second plea was bad for the reason that if Luffman, the administrator of Mary A. Folks, joined in the petition and writ which alleged the transfer of an interest in the judgment to the Andersons and asked a revivor in accordance with those conditions, the defendant could not be heard to question the transfer.

We see no reason, however, why the third plea, a denial that R. L. Anderson had acquired the interest of H. L. Anderson, who was not a party to the suit, is not a defense to the right of the alleged assignee as the owner of such interest, to revive the judgment.

The plaintiffs make no endeavor to defend their demurrer to either plea, but contend that any error in the ruling of the lower court was cured by the fact that the defendant had the benefit of the pleas at the trial. As no pleas of similar import were filed and no evidence introduced at the hearing is before us, no basis appears for this contention. It is true we are referred to certain documents pertinent to these pleas, appearing in the transcript of the record, which are marked as filed in evidence by the clerk of the court below, but they are not incorporated in a bill of exceptions, and have no proper place in the record. Pine v. Anderson, 22 Fla. 330. A motion is pending before us to strike them from the transcript, and this should be granted. But even if they were properly in the record, our consideration of the case would not be thereby affected. The case is presented upon

abstract to which no exception has been filed by the defendants in error, and must be determined upon the abstract alone. Smith v. Guckenheimer, 42 Fla. 1, 27 South. Rep. 900. The abstract contains no mention of these documents.

We would not be understood as intimating by what has been said that the introduction of evidence pertinent to these pleas, but not applicable to any plea remaining in the record, would cure the error of the court in holding the pleas bad.

No reversible error is found in the other assignments argued.

The judgment of the court below will be reversed and a new trial granted.