SEACOAST LUMBER COMPANY, A CORPORATION, *Appellant*, v. R. J. & B. F. CAMP LUMBER COMPANY, *et al.*, *Appellees.*

1. Where upon a return of process showing the corporation has no officer or business agent in the county where suit is brought, service is made upon a foreign corporation in a county other than the one where the suit is brought, the return should show that the corporation has no president or vice-president or other head of the corporation or cashier, or treasurer or secretary or general manager or director in the

Seacoast Lumber Co. v. Camp Lumber Co.—Opinion of Court.

State, and also show that service was duly made on an agent transacting business for the corporation in this State.

2.  A special appearance to contest the legality of the service of process on the defendant and the jurisdiction of the court over the defendant, is not a general appearance in the cause.

3.  Where no proper service is made on a defendant foreign corporation as required by the statute and there is no general appearance for the corporation, a decree *pro confesso* should not be entered.

Appealed from the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*James F. Glen,* for Appellant;

*A. B. & C. C. Small,* for Appellees.

WHITFIELD, C. J.—The appellees brought a suit in equity in Hamilton County against the Seacoast Lumber Company, a foreign corporation. Returns made upon the process issued to the defendant are as follows:

"ENDORSED: Came to hand this April 13, 1911, and hereby returned. Neither the President or other other officer of said defendant company, nor any director thereof, nor any business agent thereof residing in Hamilton County, Fla. Nor any agent thereof transacting business for it in this State to be found within Hamilton County, Florida.

This April 13, 1911.

T. B. JOHNS,
Sheriff, Hamilton Conty, Florida."

"ENDORSED: Received this summons on the 19th day of April, A. D. 1911, and executed the same on the

19th day of April, A. D. 1911, by delivering a true· copy thereof to A. L. Lyon, a resident business agent of the within named defendant Seacoast Lumber Company, a corporation, in the absence of the President, Vice-President, or other head of said corporation or cashier or treasurer or secretary or General Manage, or any Director, and at the same time showing this original and explaining the contents thereof.

R. F. BOWDEN,<br>
SHERIFF OF DUVAL COUNTY, FLORIDA,<br>
By J. A. Vinzant,<br>
Deputy Sheriff."

The following special appearance was entered May 1st, 1911:

"Comes now the defendant, by its attorney, and not appearing generally, but appearing specially for the sole purpose of contesting—

1. The pretended service upon the defendants, on account of illegality upon the face of the pretended subpœna in Chancery.

2. To contest the jurisdiction of the Court.

3. To contest the legality of the service, in this, that no service has been made upon the defendants, as required by law.

G. O. Palmer,<br>
Defendant's Solicitor.

A decree *pro confesso* and a final decree consequent thereon were rendered and the defendant appealed.

The statute regulating the service of process upon private corporations is as follows:

"Process against a corporation, domestic or foreign, may be served:

1.    Upon the President or Vice-President or other head of the corporation.   In the absence of such head:

2.    Upon the cashier, or treasurer, or secretary, or general manager; or, in the absence of all of the above:

3.    Upon any director of such company; or, in the absence of all of the above:

4.    Upon any business agent resident in the county in which the action is brought.

5.    If a foreign corporation shall have none of the foregoing officers or agents in this State, service may be made upon any agent transacting business for it in this State." Sec. 1406, Gen. Stats. 1906.

Under this Statute service of process upon a foreign corporation may be made upon any business agent resident *in the county where the action is brought* in the absence from the county of the president or vice-president or other head and of the cashier, treasurer, secretary, general manager and directors of the corporation.   Drew Lumber Co. v. Walter, 45 Fla. 252, 34 South. Rep. 244; Florida Cent. & P. R. Co. v. Luffman, 45 Fla. 282, 33 South. Rep. 710.  But if a foreign corporation has none of the foregoing officers or agents in this State, service may be made upon any agent *transacting business for it in this State.*

The return on the process made by the sheriff of Hamilton County shows there was no service in that county, because the defendant foreign corporation had no president or other officer or business agent or any agent transacting business for it in Hamilton County where the suit was brought.

The return made by the sheriff of Duval County, shows that service was made in that County on "a resident business agent of the within named defendant"——

"in the absence of the president, vice-president, or other head of said corporation or cashier or treasurer or secretary or general manager or any director." This return is of service made in the county where the suit was not brought, and does not show the absence *from the State* of the officers or agents of the foreign corporation named in the statute upon whom service may be made; nor does the return show service upon an "agent transacting business" in this State for the foreign corporation. These facts must be shown to constitute a valid service under the statute.

The appearance for the defendant is special and is confined to the question whether the court had acquired jurisdiction of the defendant. The second ground stated in the special apearance fairly construed relates to jurisdiction of the defendant and not of the cause of action. There being no valid service and no general appearance at that time the entry of the decree *pro confesso* was error. Other assignments of error need not be considered.

The defendant having appeared in the court below by petition for rehearing, the court has jurisdiction of it.

The decree is reversed with directions to vacate the decree *pro confesso*.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.