*Ex Parte* Foy Green.

157 So. 333.
En Banc.
Opinion Filed November 2, 1934.

*W. D. Bell,* for Petitioner;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistants, and *C. O. Wright,* for Respondents.

BUFORD, J.—This is an original proceeding in habeas corpus.

The sole question involved is whether or not one convicted under the provisions of Section 5116 R. G. S., 7217 C. G. L., may be lawfully transferred from the State Prison

Farm at Raiford and incarcerated in a State convict road camp maintained beyond the boundaries of the State Prison Farm located at Raiford, Florida.

It is contended by the petitioner that under his judgment of conviction he could only be incarcerated and required to perform hard labor within the State Prison as established at Raiford, Florida, and that his incarceration in a State convict road camp where he is required to perform hard labor on the construction of public roads of Florida is a violation of his constitutional rights and in violation of the statutes.

Section 2 of Article XIII of the Constitution of Florida provides as follows:

"A State Prison shall be established and maintained in such manner as may be prescribed by law. Provision may be made by law for the establishment and maintenance of a house or refuge for juvenile offenders; and the Legislature shall have power to establish a home and work-house for common vagrants."

Pursuant to that section the Legislature by Chapter 3885, Acts of 1889, enacted what is now Section 6225 R. G. S., 8561 C. G. L., which is as follows:

"*Establishment.*—The Board of Commissioners of State Institutions shall establish a state prison for the safe keeping and punishment of prisoners, in which they shall be closely confined, employed at hard labor, and governed in the manner hereinafter directed, who shall have been convicted before any court of this State, or any court of the United States held within the State of Florida, and sentenced to imprisonment in the State Prison. The provisions of this law shall not in any way affect the sentence and punishment of prisoners now confined in, or heretofore sentenced to imprisonment in the State penitentiary by any

of the courts of this State, or any court of the United States, held within the State of Florida. And the word 'penitentiary' whenever the same is used in any of the laws of this State, as a place of punishment for crime, shall be construed to mean and refer to the State prison. For the purpose of all judicial proceedings, the prison and precincts thereof shall be deemed to be within, and part of the county in which it is situated, and the courts and magistrates of such county or circuit shall have jurisdiction of all crimes and offenses committed within the same."

In 1913 the Legislature enacted Chapter 6530, Sections 6226 R. G. S., 8562 C. G. L., *et seq.,* are taken from that chapter. Section 8562 C. G. L., provides as follows:

*"State Prison Farm Established.*—A State prison farm is hereby established on the lands now owned by the State of Florida in Bradford County, Florida; and the Board of Commissioners of state institutions shall improve said farm for the purpose of the care and maintenance of the women and infirm male convicts and all convicts classed as hospital subjects, and such other convicts as said board may from time to time place on said State prison farm."

Section 6227 R. G. S., 8563 C. G. L., is as follows:

"The prison farm herein provided for shall be known as, and for all purposes be, the State penitentiary of Florida."

Section 8612 C. G. L. was Section 1 of Chapter 7833, Acts of 1919 as amended by Chapter 8423, Acts of 1921, as amended by Chapter 9126, Acts of 1923. It is not necessary to quote this section in full. It provides for the examination and grading of convicts into several classes and provides how such classes of convicts may be worked.

Section 8613 C. G. L. was Section 2 of Chapter 7833, *supra,* as amended by Chapter 8423, Acts of 1921, as amended by Chapter 9126 *supra.* This section provided the

manner in which convicts must be maintained and worked and places the responsibility on the Commissioner of Agriculture.

Section 6290 R. G. S., 8616 C. G. L., is Section 1 of Chapter 7325, Acts of 1917, as amended by Chapter 7809, Acts of 1919, and that section provides:

"There shall be and is hereby created a State convict road force, which shall include all male State or felony prisoners who, in the judgment of the State prison physician, are capable of performing any of the several duties incident to road construction and maintenance, except that there shall be retained at the State prison farm or other State institutions seventy-five class-one prisoners."

Section 6294 R. G. S., 8620 C. G. L., is Section 6 of Chapter 7325, Acts 1917, as amended by Chapter 7809, Acts of 1919, and is as follows:

"The State road department may apply the labor of the State convict road force to any or all highway construction or maintenance done under the supervision of the said department. The several prisoners employed on the State convict road force shall be clad in some distinctive uniform, other than the regulation stripes, said uniform to be selected by the State road department with the approval of the Governor and Commissioner of Agriculture; except that prisoners subject to punishment may be required to wear the regulation stripes as a part or all of the necessary punishment."

Section 6295 R. G. S., 8621 C. G. L., provides as follows:

"All prisoners employed on the State convict road force shall be transported, housed, fed, clothed and guarded from such funds as are or may hereafter be apportioned for the use of the State road department."

Thus it is seen that the Legislature has complied with

Section 2 of Article XIII of the Constitution of this State by establishing a State prison and providing for its maintenance in a manner prescribed by law. The State prison consists, under these legislative Acts, of the State prison farm, located at Raiford, Florida, and the State road convict camps located and established from time to time at such places as the labor of convicts may be required to carry on the work incident to the construction and maintenance of highways in the State of Florida.

It is contended by the petitioner that the manner of his incarceration and the labor which he is required to perform is in conflict with the Thirteenth Amendment to the Federal Constitution. The Thirteenth Amendment to the Federal Constitution, Section 1, is as follows:

"Neither slavery or involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist in the United States or any place subject to their jurisdiction."

The petitioner cannot claim the benefits contended for under this section because the record shows that he has been convicted of a crime punishable by imprisonment at hard labor in the State prison of the State of Florida. He also contends that his incarceration and punishment is in conflict with Section 1 of the Fourteenth Amendment which provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. Nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The petitioner is not in position to claim any relief under this section of the Federal Constitution because he has been

deprived of his liberty *with* due process of law in that he has been duly convicted and lawfully sentenced to serve at hard labor in the State prison of Florida. When we refer to the State prison, or State penitentiary, as a place for the punishment of criminals we do not refer to any particular building or enclosure, but we refer to the institution, the provision which is made for the safekeeping, the punishment and discipline applied. The State prison farm at Raiford is a component part of that institution, the State prison. Likewise is each of the State convict road camps a component part of the State prison duly established, and as long as they are established by the Legislature as part of the State prison and maintained in such manner pursuant to statutes duly enacted, and the prisoners are under the supervision and control of the Commissioner of Agriculture complying with the provisions of Section 26, Article IV of the Constitution, it cannot be successfully maintained that prisoners confined therein pursuant to judgment of conviction and sentences to be confined in State prison at hard labor are serving such sentences otherwise than in State prison.

Having construed our statutes to have the effect of constituting the State convict road camps component parts of the State prison, we think all the questions of law presented by the petitioner are thereby settled adversely to his contention and it follows that the writ of habeas corpus should be quashed and the petitioner remanded to the custody of the respondents, Nathan Mayo as Commissioner of Agriculture, and the State Road Department.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.