CHERRY LAKE FARMS, INC., v. HON. E. C. LOVE, as Judge, etc., and J. H. TAYLOR, as Administrator of the Estate of Ernest Taylor, Deceased.

176 So. 486.

Division A.

Opinion Filed October 20, 1937.

470

R. C. Horne, for Petitioner;

Milam, McIlvaine & Milam and J. Henry Taylor, for Respondents.

Buford, J.—This case is before us on demurrer to and motion to quash rule nisi in prohibition.

The relator states four questions for our consideration, as follows:

"First Question: Does the return of the Sheriff of Madison County, Florida, upon the summons issued from the Circuit Court of Gadsden County reciting that said summons was executed upon a defendant domestic corporation, by delivering a copy of said summons and explaining the contents thereof to the General Manager of said Corporation in the absence of the President, Vice-President or other head of said Corporation from Madison County, Florida, and not reciting the absence from Gadsden County, Florida, of any officer or person upon whom summons could have been served, and not reciting the absence of all superior officers from the State of Florida, constitute a valid service in compliance with Section 4251 of the C. G. L. of Florida, 1927?"

"Second Question: Does the expression used in Section 4251 of the C. G. L. of Florida, 1927, 'IN THE ABSENCE OF,' require the absence of officers of a corporation from the State of Florida, or from the County in which suit was instituted, or from whatever County the summons might be sent with a request for service?"

"Third Question: Is it permissible for the plaintiff in a suit to elect and direct in which County of the State of Florida he will obtain service of summons, and procure, or have the same served in a County other than the County where the suit was instituted, upon an inferior officer or person, there being at the time superior officers of the Corporation in the State of Florida?"

"Fourth Question: Under Paragraph 2 of Section 4251 C. G. L. of Florida, 1927, is the Cashier, Treasurer, Secretary and General Manager of a Corporation, equal in

standing for the purpose of service of process upon the Corporation?"

To answer these questions properly we must first take into consideration the allegations of the declaration. These allegations reveal that the cause of action accrued in Gadsden County, Florida. It is alleged that the action is against Cherry Lake Farms, Inc., a Florida Corporation. The Court may take judicial cognizance of the public records in the office of the Secretary of State to ascertain the domicile of a domestic corporation. It is a matter of such record that Cherry Lake Farms, Inc., is domiciled in Madison County, Florida. The exercise of due diligence by the plaintiff required that the domicile of the domestic corporation should be ascertained and that the summons should be placed in the hands of the Sheriff of the County where such corporation is domiciled. See Smetal Corporation v. West Lake Investment Co., 126 Fla. 595, 172 Sou. 58.

So it is that we must hold that the summons was placed in the hands of the proper officer for service.

The return of the Sheriff, as shown by the record, is as follows:

"Received this summons April 20, 1937, and served the same April 22, 1937, by delivering a true copy thereof to Paul H. VanderSchouw, General Manager of the within named defendant, CHERRY LAKE FARMS, INCORPORATED, a Florida corporation, in the absence from Madison County, Florida, of its President and Vice-President and other head of the corporation; and at the same time exhibiting this original writ and explaining the contents thereof.

Sheriff's Costs
| | |
|---|---|
| Service | $1.00 |
| Copy one | .35 |
| Return one | .25 |
| 20 miles traveled | 2.50 |
| Total | $4.10 |

"(Signed) LONNIE T. DAVIS,
"Sheriff of Madison County, Florida."

Section 2604 R. G. S., 4251 C. G. L., provides in part as follows:

"Service of process on private corporation. Process against any corporation, domestic or foreign, may be served:

"1. Upon the President or Vice-President or other head of the corporation. In the absence of such head:

"2. Upon the Cashier, or Treasurer, or Secretary, or General Manager; or, in the absence of all of the above:

"3. Upon any Director of such company; or, in the absence of all of the above:

"4. Upon any Officer or Business Agent, resident in the State of Florida."

Section 2598 R. G. S., 4238 C. G. L., provides in part as follows:

"All writs or process issued upon the institution of a suit which may be begun in a county where the defendant does not reside, and all writs, process, or notices requiring service upon a defendant not in the county where the suit is pending, may be served by the sheriff of the county or the constable of the justice district in which the defendant is to be found."

The holding of this Court in the case of Florida Central & P. R. Co. v. Luffman, 45 Fla. 282, 33 Sou. 710, is not

applicable entirely because of the amendment to the statute. At the time that opinion was rendered the statute required service to be made upon an agent residing in the county in which the action is brought, while the section as it now stands provides for service upon any officer or business agent resident in the State of Florida. This case is to be differentiated from that of Smetal Corporation v. West Lake Investment Co., *supra*. There return was made showing no service had been had because of the officers and agents of the corporation being unknown to the sheriff. The court held that such service was prematurely made, but it does not follow that if the sheriff is able to make service as provided in Section 2604 R. G. S., 4251 C. G. L., by serving an officer described in sub-paragraphs 4, 3 or 2, that he must wait until the last possible moment in which the process could be served to ascertain whether or not he can serve it upon some higher official than that upon which service was made. This point was also decided adversely to the contention of the relator in the case of Florida Central & P. R. Co. v. Luffman, *supra,* in which it was said:

"Section 1019 of the Revised Statutes prescribing the manner of service of process upon corporations provides that service may be made upon any business agent of the corporation resident in the county in which the action is brought 'in the absence of all of' the other representatives named in the above mentioned return of the sheriff. The plaintiff in error contends that the return must show that they are absent from the State, and not merely from the county. This proposition is not tenable. The officer serving the writ, before effecting service upon one of the inferior agents of the corporation, must ascertain that none of those of higher degree is within the reach of his official arm; but he cannot be expected to know that they may not

be found in some distant part of the State, and this is not required to be shown except in those cases where the statute plainly demands it."

The object of the statute is to have the service made upon someone who is held responsible by the corporation and, therefore, the requirement is that the sheriff ascertain first whether or not he can make the service on the President or Vice-President or other head of the corporation and if none of these be present, then upon the Cashier or Treasurer or Secretary or General Manager, and if none of these be present then upon any Director of such corporation, and if no Director be present then upon any Officer or Business Agent resident in the State of Florida.

In this case the return shows that service was had upon the General Manager in the absence of the President, the Vice-President and other head of the corporation; that service was had on the 22nd day of April, 1937. There is no showing in the record that either the President, Vice-President or other head of the corporation superior to the General Manager or the Cashier or the Secretary was present in Madison County on the 22nd day of April, 1937. So it is that the return of the sheriff shows effective service of process.

The other question, that is, whether or not the Cashier, Treasurer, Secretary and General Manager of a corporation are equal in standing for the purpose of service of process upon the corporation, must be answered in the affirmative. The language of the statute is: "upon the Cashier, or Treasurer or Secretary or General Manager."

In construing the language used in Section 3223 R. G. S., 5029 C. G. L., this Court in the case of Pompano Horse Club, Inc., *et al.,* v. State, *ex rel.* Bryan, 93 Fla. 415, 111 Sou. 810, 52 A. L. R. 51, said:

"The statute provides that 'the State's Attorney, County Solicitor, County Prosecutor, or any citizen of the county through any attorney he may select may maintain his action,' etc.

"In its elementary sense the word 'or' is a disjunctive particle that marks an alternative, generally corresponding to 'either' as 'either this or that'; a connective that marks an alternative. 29 Cyc. 1502. It often connects a series of words or propositions, presenting a choice of either. Webster's New Int. Dict. (1925 Ed.). There are, of course, familiar instances in which the conjunction 'or' is held equivalent in meaning to the copulative conjunction 'and,' and such meaning is often given the word 'or' in order to effectuate the intention of the parties to a written instrument or of the Legislature in enacting a statute, when it is clear that the word 'or' is used in a copulative, and not in a disjunctive sense. In statutes of this nature, however, the word 'or' is usually, if not always, construed judicially as a disjunctive unless it becomes necessary in order to conform to the clear intention of the Legislature to construe it conjunctively as meaning 'and.' In ascertaining the meaning and effect to be given the word 'or' when construing a statute, the intent of the Legislature is the determining factor. Employed between two terms which describe different subjects of a power, the word 'or' usually implies a discretion when it occurs in a directory provision, and a choice between two alternatives when it occurs in a permissive provision. Thus, in construing a provision for the recording of chattel mortgages, it was said: 'The disjunctive "or" is here used in its ordinary and generally accepted sense; it expresses the alternative, and gives to the mortgagee his choice of depositing the mortgage either in the county where the mortgaged property shall at the time

be kept, or in the county where the mortgagor shall at the time reside.' Springfield Third Nat'l Bank v. Bond, 67 Pac. Rep. 818. See also 29 Cyc. 1503. And in construing a criminal statute this Court has held that:

" 'If a statute makes it punishable to do a particular thing specified *"or"* another, *"or"* another, one commits the offense who does any one of the things, or any two, or more, or all of them.' Edwards v. State, 62 Fla. 40, 56 South. Rep. 401; Strohvar v. State, 55 Fla. 167, 47 South. Rep. 4. Other instances of such construction are found in Givens v. Kendrick, 15 Ala. 648; State v. McDonald, 4 Port (Ala.) 460; Germania v. State, 7 Md. 1; Oxsheer v. Watt, 44 S. W. Rep. 676. See also Words and Phrases (1st series) 3004, *et seq.;* 3 Words and Phrases (2nd series) 762, *et seq.* Statutes of the character of Section 3223, *supra,* are similarly construed, when such construction comports with the evident legislative intent."

This statute is analogous to the one under consideration and should have like construction.

Motion to quash the rule *nisi* should be granted and the rule discharged.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.