THOMAS E. GRADY v. ELECTRIC BOND & SHARE COMPANY, FLORIDA POWER & LIGHT COMPANY, BRYAN C. HANKS, H. H. HYMAN and HARRY E. SIMPSON.

189 So. 18
Division B.
Opinion Filed April 25, 1939.
Rehearing Denied May 26, 1939.

*Redfearn & Ferrell,* for Plaintiff;

*Carson & Petteway, W. Raleigh Petteway, Lewis W. Petteway,* for Defendants.

WHITFIELD, P. J.—Upon suggestion filed a Rule *nisi* in Prohibition was issued and the defendants have moved to quash the rule.

The Electric Bond and Share Company, a corporation, and others plaintiffs in this Prohibition proceeding, seek to have the Circuit Court prohibited from proceeding further in a stated cause of action, in which the plaintiffs here are defendants, upon the ground that the service of process upon Electric Bond and Share Company, a corporation, one of the defendants in said action, as shown by the return on such process, is insufficient to give the trial court juris-

diction of such defendant corporation in that action, because:

(1) "It does not appear either from the summons *ad respondendum* of the return thereon or anywhere else in the record whether or not the Electric Bond and Share Company is a domestic or a foreign corporation";

(2) "It does not appear from the return of said pretended service of process made by the sheriff in this action upon the Electric Bond and Share Company that it has none of the named classes of officers or agents in the State of Florida upon whom service of process may be made before service of process is authorized to be made upon it by serving 'any agent transacting business for it in this State' and for this reason it is insufficient to give the court jurisdiction of the Electric Bond and Share Company."

The return shows the service was made under subdivision No. 5 of Section 4251 (2604), C. G. L., which is appropriate to service on foreign corporation defendants, so it is not material here for a writ or the record elsewhere to indicate that the particular defendant is a foreign corporation.

The question here is whether the return shows a legal service of process under the statute on the corporation mentioned in the return as the defendant served.

The statute under which the service was made and the return as made on the process, are as follows:

"Process against any corporation, domestic or foreign, may be served:

"1.  Upon the president or vice president or other head of the corporation.  In the absence of such head:

"2.  Upon the cashier, or treasurer, or secretary, or general manager; or, in the absence of all of the above:

"3.  Upon any director of such company; or, in the absence of all of the above:

"4. Upon any officer or business agent, resident in the State of Florida.

"5. If a foreign corporation shall have none of the foregoing officers or agents in this State, service may be made upon any agent transacting business for it in this State. (Feb. 11, 1834, Sec. 2; Nov. 21, 1829, Sec. 8; Ch. 3590, Feb. 12, 1885, Sec. 1; Ch. 6908, Acts 1915, Sec. 1, as amended by Ch. 7752, Acts of 1918)"; Sec. 4251 (2604), C. G. L.; No. *214*, 17570.

"ORIGINAL RETURN.—'Received this Summons *ad res.* on the 8 day of Feb. '38, and served the same on February 9, 1938, in Dade County, Florida, upon ELECTRIC BOND AND SHARE COMPANY, a corporation, the within named defendant, by delivering a true copy of this summons to Bryan C. Hanks, agent transacting business for the corporation in this State in the absence of the president, vice president or other head, and in the absence of the cashier, secretary or treasurer, and in the absence of the general manager or any director in said corporation, or any officer or business agent resident in the State of Florida, the highest official in said corporation to be found in Dade County, Florida, and by then and there showing to him this original and explaining to him the contents thereof;

| | | |
|---|---|---|
| "Copy & return | .60 | |
| Service | 1.00 | |
| 2 miles | .25 | 1.85 |

"Mr. Hanks denies any connection with the Electric Bond and Share Company;

> "D. C. Coleman, Sheriff,
> Dade County, Florida.
> "*By*: Sam Tolbert, D. S."

The statute authorizes service of process on a *foreign corporation* to "be made upon any agent transacting busi-

ness for it in this State," if such foreign corporation has none of the officers or agents in this State that are stated in the preceding four subdivisions of the section of the statute; but the statute does not require the return on the process to state that the foreign corporation had none of the classes of officers or agents "in the State of Florida" upon whom service of process may be made when the service is made on "any agent transacting business for it in this State," at least when such service is made in the county where the action is instituted. See Fla. Cent. & P. R. R. Co. v. Luffman, 45 Fla. 282, 33 So. 710.

In the above cited case it is said:

"The officer serving the writ, before effecting service upon one of the inferior agents of the corporation, must ascertain that none of those of higher degree is within the reach of his official arm; but he can not be expected to know that they may not be found in some distant part of the State, and this is not required to be shown except in those cases where the statute plainly demands it." (Test p. 284.) See also Milton L. & I. Co. v. Our Home L. I. Co., 81 Fla. 227, 87 So. 636; Drew Lumber Co. v. Walter, 45 Fla. 252, 34 So. 244.

The Sheriff had no authority beyond the county, and could not make a return to process as to no other officers or agents of the corporation being in the State beyond the county of which he is sheriff. The return shows that service of the process was made on a named person as an "agent transacting business for" the named defendant corporation in Dade County, where the action was brought and the truth of such return of service has not been impeached. If in fact there was in the State when the service was made, an officer or agent of the defendant corporation upon whom the process could and should have been served, the defendant corporation knowing the facts should duly

make it so appear in order that the required statutory service may be made, if the return as made is not in accord with the statute as interpreted by this Court.

In Hormel v. Ackman, 117 Fla. 158 So. 171, the service was made on the "business agent of the defendant" "resident in the State of Florida" under subdivision No. 4 of Section 4251 (2604), C. G. L., and the words "or in the State of Florida" contained in the return of the service made by the sheriff was not a material part of the return and was surplusage.

In Seacoast Lumber Co. v. Camp Lumber Co., 63 Fla. 604, 59 So. 13, the service was made in a county in which the suit was not instituted.

The service of the process as stated in the return thereon made by the Sheriff of Dade County in that county is not void but on this record is legally sufficient to give the Circuit Court jurisdiction of Electric Bond and Share Company, as a foreign corporation defendant in the action referred to above, brought in the county where the service of process was made; therefore, the Rule *nisi* in Prohibition should be and is hereby quashed.

It is so ordered.

BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## PETITION FOR REHEARING

PER CURIAM.—The return of the Sheriff shows it was made under subdivision 5 of Section 4251 (2604), C. G. L., which is applicable only to service, on foreign corporations. Such service is not applicable to domestic corporations and

the record does not show the defendant is a domestic corporation. If the defendant is not a foreign corporation the service may be attacked on that ground by appropriate procedure.

Rehearing denied.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—Upon further consideration of this matter, on petition for rehearing, I think rehearing should be granted because, (1) It nowhere appears in the Sheriff's return (nor in the summons *ad res.*) that the defendant is a foreign corporation; and .(2) the return must show that the requirements of the statute have been followed, otherwise the court is not informed whether the party is before it. The ordinary presumption that an officer has done his duty does not arise where the particular acts constituting the service are required to be set forth as in the statutes here involved. A presumption of this sort cannot cure the omission of a vital jurisdictional fact. Standley v. Arnow, 13 Fla. 361; 14-A, C. J. 809, Sec. 2917.