CALDWELL, Justice.
This case is before us on petition for writ of certiorari alleging that the decision rendered by the District Court of Appeal, Second District,[1] is in direct conflict with the decision of this Court in the case of Stephens v. Anderson.[2]
The petitioner was charged by information in the court of record of Broward County with having in his possession the carcass of an alligator “contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.” In substance, however, it seems the petitioner was charged and tried upon an asserted violation of a rule of the Game and Fresh Water Fish Commission prohibiting such possession. At the conclusion of the State’s case the petitioner moved for a directed verdict on the ground that the State had failed to offer in evidence the rule which was alleged to have been violated. The motion was denied. The petitioner appealed to the circuit court which reversed the judgment of the court of record. Thereafter the State, respondent here, petitioned for certiorari in the District Court of Appeal, which reversed the judgment of the circuit court.
The stipulation filed in the cause shows that the rule in question was not offered in evidence; that the court took judicial notice of the rule, a copy of which was in the judge’s possession. The record does not disclose the text of the rule.
The sole issue turns upon the petitioner’s contention that it was necessary that the rule in question be made a part of the record. The constitutional power of the Game and Fresh Water Fish Commission[3] to promulgate rules and regulations was implemented by statute,[4] which provides in essential part as follows:
“(4) A copy of all rules, regulations and orders and codes of rules, regulations and orders, and all revisions, amendments and additions, thereto, whether of state-wide or limited application, shall be certified by the director of game and fresh water fish-commission and shall be filed with the secretary of state within ten days after the adoption thereof, and in addition thereto, the said director shall, within the said ten-day period, file in the office of each county judge of this state a true and correct copy of all rules, regulations and orders and all revisions, amendments and additions thereto. A copy of said rules, regulations and orders, and revisions, amendments and additions thereto, or any portion or portions thereof, certified by the secretary of state under the great seal of' the State of Florida, or by the director of the game and fresh water fish, commission under the seal of the commission, shall be received as evidence-in all courts of this state without further authentication; provided, nothing herein shall be construed as preventing or prohibiting the courts from taking judicial knowledge thereof.”
The petitioner concedes that such rules,, without further authentication, may be received in evidence and that when so offered the court may take judicial notice thereof but he questions the authority of' the trial court to take judicial notice of' a rule which has not been offered in evidence.
In the Stephens case, supra, it was urged’ that the court was obliged to take judicial! *823 notice of the ordinance in controversy under a statute[5] which provided as follows:
“The courts in this State shall take judicial cognizance of the ordinances of the city [of Pensacola] and the printed copy officially published by the city may be read as evidence in any trial in which the same may be competent evidence without proof of the due passage and approval of said ordinances. Until the publication of the ordinances of the city, a certified copy from the comptroller’s office of an ■ordinance may be read with the same ■effect as if it had been officially published.”
The District Court distinguished "the Stephens case on the ground that it involved a municipal ordinance rather than a regulation of an administrative board. We find, however, when the similarity of the facts and pertinent statutes are considered, the distinction to be superficial, the two cases in direct conflict and jurisdiction in this Court.
The same point of law was considered in the Stephens case, supra, where this Court held that the Legislature, by enacting the statute requiring the courts to take judicial notice of the ordinances of the City of Pensacola, did not intend to make such ordinances noticeable unless offered in evidence but that the purpose of the act “was to provide a means of making a court aware of the existence of the ordinance by reading in evidence the printed copy officially published”. The Court held that the act does away with the necessity of proving due passage of the ordinance but that it does not relieve the litigant of the necessity of introducing a copy thereof in ■evidence.
We have, upon occasion,[6] judicially noticed rules and records of administrative agencies but, in those cases, the propriety of such notice was neither made, argued nor briefed.
In this cause, the constitutionality of the statute authorizing the courts to take judicial notice of the rules of the commission is not attacked and is not considered here. The question is whether the rule, under which the petitioner was charged, should have been introduced in evidence. It is our conclusion that, once a part of the record, the court could have, in its discretion, taken judicial notice. The fact that the parties stipulated the existence of the rule does not cure the defect of its not having been placed in the record.
It is urged that since the Game and Fresh Water Fish Commission is a constitutional agency it stands apart. This contention is answered by the fact that, although the commission is a creature of the constitution, its authority is implemented by statute. In this respect we find no essential difference between the statutory requirement that the courts take judicial notice of the Pensacola city ordinance and the statutory notice of the rules of the fish and game commission.
We think it essential to the orderly dispensation of justice that a defendant be apprised, under the rules of procedure, of the regulation of which violation is alleged. The requirement imposes no hardship upon the prosecution and affords to the defendant a reasonable safeguard of his liberties. It is our view that in those instances in which the court should by reason of statute or otherwise take judicial notice of a rule, regulation or order of an administrative agency of the State, the federal government or political subdivision thereof, or an ordinance of a municipality, that the pertinent text of such rule, regulation, order or ordinance should be made to *824 appear as a part of the record in the trial court.
The questioned decision is quashed and the cause remanded for further proceedings not inconsistent herewith..
ROBERTS, C. J., and TERRELL, DREW, THORNAL and O’CONNELL, JJ-, concur.
THOMAS, J., dissents.

. 133 So.2d 334 (Fla.App.1961).

. 76 Fla. 575, 79 So. 205 (1918).

. Florida Constitution, Article IV, section 30, F.S.A.

. Florida Statutes, section 372.021 (1961), F.S.A.

. Florida Laws, 1895, chapter 4513, section 11, at 331.

. Daoud v. Matz, 73 So.2d 51 (Fla.1954); Cherry Lake Farms v. Love, 129 Fla. 469, 176 So. 486 (1937).