TILLMAN PEARSON, Judge.
The petitioner, Jesus R. Gutierrez, was charged in the Criminal Court of Record in and for Dade County with unlawful possession of undersized salt water crawfish. The charge was “with a shell measurement of tail less than six (6) inches, in violation of Rule 3 of the Florida State Board of Conservation, Salt Water Fisheries Division, contrary to the form of the statute in such cases made and provided * * * The petitioner-defendant was tried and adjudged guilty as charged. He sought review of the judgment in the circuit court as is provided by law for the review of misdemeanor convictions.
The judgment was affirmed by the judge of the circuit court in an order of affirmance which read in part as follows:
“It should be noted that the information filed against the appellant and upon which the trial and judgment was had, charges that he ‘did unlawfully have in his possession salt water craw-fish with a shell measurement of tail less than six (6) inches, in violation of Rule 3 of the Florida State Board of Conservation, Salt Water Fisheries Division”.
“It is very doubtful if the court could take judicial notice of this rule and there is no.proof of it. However, the statute provides, in express terms, Section 370.14(1):
“ ‘Provided, however, that it is unlawful for any person' at any time to take or have in his possession regardless of where taken any salt water crawfish with a shell measurement of tail of less than six- (6) inches for any purpose whatsoever.’
“This is exactly the same language that the information alleges is contained in the rule and of course the trial judge could take judicial notice of this.”
The petitioner Gutierrez has filed in this Court a petition for writ of certiorari to review the decision of the circuit court on his appeal. He alleges that the circuit court departed from the essential requirement of law when it affirmed his conviction for the violation of a rule of the Florida State Board of Conservation upon a holding that he had violated a statute. We hold that the circuit judge has departed from the essential requirements of law and we reverse. See Mobley v. State, Fla.1962, 143 So.2d 821. The State’s reliance upon State v. Katz, Fla.App.1959, 108 So.2d 60 is erroneous in view of the fact that unlike the Katz case, the present petition does not present to us for review the correctness of the circuit court’s order made in the exercise of its appellate jurisdiction but a clear departure from the proper exercise of that appellate jurisdiction. The petition for certiorari is granted and the order of af-firmance of the circuit court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.