BARNS, PAUL D., Associate Judge.
This is an appeal by Imperial Towers, Incorporated, a Florida corporation, from an order denying motion for relief from a final decree. The appellant was a defendant to a suit to foreclose a sub-contractor’s claim of lien. We find error and reverse.
The appellant’s brief argues four assignments of error, none of which are dopied into the brief for our benefit and convenience. We will confine ourselves to assignment of error number 4 which reads: “The Court erred in making and entering its Order dated January 27, 1966, said order denying Defendant’s Motion for Relief from Judgment.”
The summons directed to the appellant-defendant was served in Orange County on “Evelyn W. Price, as Secretary of said corporation, in the absence [from Orange County] of the President, Vice President, and all other superior officers and heads of said corporation” according to the return of the Orange County Sheriff.
The complaint was filed in Brevard County and alleges that appellant is a Florida corporation with offices in Bre-vard County, Florida, and that the property against which the lien is claimed is in Brevard County and owned by the appellant; that the plaintiff “served a copy of said claim of lien upon the defendant, Imperial Towers, Inc., by depositing it in the mail, certified with postage prepaid, addressed to the said defendant at said property’’ and attaches a receipt of the said notice as sent to the defendant and addressed to it at 2825 South Washington Avenue, Titusville, (Brevard County) Florida.
After a decree pro confesso was entered against the appellant for the want of any appearance or defense, the plaintiff filed two affidavits in support of the motion for a final decree, which affidavits recited that the defendant, “Imperial Towers, Inc., is incorporated under the laws of the State of Florida, with offices in Brevard County, Florida.”
The appellant-defendant filed a timely motion to vacate the final decree under Rule 1.38, Rules of Civil Procedure, 30 F.S.A. (now Rule 1.540) and in support of the motion on January 21, 1966, filed an affidavit by the President of the defendant corporation which states that:
The defendant was unaware of the pendency of plaintiff’s action and the entry of the final decree filed December 3, 1965, *520 until January 20, 1966. The affiant has been President of the corporation since April 26, 1965. The principal place of business of the defendant is 2825 South Washington Avenue, Titusville, Florida, and was before, during and after the pendency of plaintiff’s suit and the plaintiff corporation was fully aware of its principal place of business and offices. The President of the plaintiff “on several occasions prior to the institution of the aforesaid lawsuit did call the undersigned affiant at the principal place of business of Imperial Towers, Inc., to-wit: 2825 South Washington Avenue, Titusville, [Brevard County,] Florida.” On at least one occasion representatives of the said Dade Home Service, Inc., did visit the said premises to discuss matters contained in this suit before its institution. Richard W. Lyons (plaintiff’s attorney of record) did discuss the subject matter of plaintiff’s suit before its commencement and did fully well know the proper address and principal place of business of this defendant “prior to the time of the institution of the aforesaid suit to foreclose a Mechanic’s Lien” and on or about January 11, 1965, the affiant “did receive by certified mail # 562276 a copy of the claim, of lien which has been foreclosed, said copy being addressed to the principal place of business of the said Imperial Towers, Inc. i. e., 2825 South Washington Avenue, Titusville, Florida.”
The affidavit further states “that all of the principal officers of the corporation known as Imperial Towers, Inc. who are residing in the State of Florida are located in Titusville, Brevard County, Florida at the aforesaid address; that at all times within a four month period prior to and during the pendency of the aforesaid foreclosure suit the said officers did reside in Brevard County, Florida.”
“That the alleged services of the said Dade Home Services, Inc. if any were performed at the aforesaid address and upon the property located and situate in Brevard County, Florida.”
FACTS: RECAPITULATED
It clearly appears that the plaintiff’s lien is for work done and labor performed at the principal place of business of the defendant in Brevard County in which county all the principal officers of the defendant resided; that representatives of the plaintiff by telephone, personal calls and by mail communicated and transacted its business with the defendant at its principal place of business in Brevard County and by its complaint alleged it to be a domestic corporation with offices in Brevard County where the suit was filed. Yet, notwithstanding these facts, the plaintiff’s attorneys procured a summons to be issued and delivered to the Sheriff of Orange County for service, which summons was directed as follows:
“TO THE DEFENDANT(S) :
IMPERIAL TOWERS, INC.
by serving:
E. W. Price
909 Maitland Avenue
P. O. Box 176
Winter Park, Florida
or, in his absence, any officer or director authorized to accept service.”
Section 47.17, F.S.A., provides for five categories for service of process in corporations and provides for priorities for any such purpose. It provides for services on its secretary in the absence of its president, or vice president of the corporation. In National Organization Masters, Mates and Pilots v. Banks, 5th Cir.1952, 196 F.2d 428, 430, service of process on the defendant was attempted by serving an “agent” in category (5) of § 47.17, F.S.A. and in quashing the service of process construed the intent of this statute in stating:
“The obvious purpose of this statute [§ 47.17, F.S.A.] is to have the service made upon some one who is held responsible by the corporation and it contemplates that service shall be made, *521 whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation. Cherry-Lake Farms v. Love, 129 Fla. 469, 176 So. 486; Grady v. Electric Bond & Share Co., 137 Fla. 793, 189 So. 18. This objective is based on good sense and sound reason. For example, one possible objection which has been raised to Rule 4(d) (3), Federal Rules of Civil Procedure, is that unless the plaintiff is compelled to serve the officers and agents holding the more responsible positions, when it is possible to do so, plaintiffs will serve those with less responsibility in the hope that the information will not be transmitted to the proper corporate officers, thus resulting in a default judgment. In such a contingency, Professor Moore suggests that the courts will adjust such a general term as ‘agent’ to the situation presented and thus cause plaintiffs to make as thoroughly reasonable a service as the situation warrants. 2 Moore’s Federal Practice (2d ed) § 4.23.”
Rule 1.38(b) (1), Rules of Civil Procedure (now Rule 1.540(b) (1)) authorized the court to relieve a party from a final judgment or decree for “(1) mistake, inadvertence,- surprise, or excusable neglect.” The above recapitulation of the facts shows excusable neglect on the part of the defendant to appear and defend the suit and that the plaintiff contributed materially to the neglect as shown by the facts and circumstances above stated. The record does not show it, but it is consistent with the record that Evelyn W. Price was the secretary of the corporation as shown by the original incorporation records in the office of the Secretary of State in Tallahassee, and that such records show no change since in that respect. The record shows that for months before and since the commencement of the action the principal officers resided' in Brevard County where all the work was done and where all business negotiations between the plaintiff and defendant occurred and where plaintiff’s complaint states the defendant maintained its offices.
It is our conclusion that the chancellor erred in denying appellant’s motion to set aside the final decree and in not permitting the defendant to defend the suit on its merits. The order appealed from is reversed and for further proceedings not inconsistent herewith, on remand.
Reversed.
WALDEN, C. J., concurs.
ANDREWS, J., concurs specially.