250 So.2d 649 (1971)
LUDLUM ENTERPRISES, INC., a Florida Corporation, D/B/a Ramada Inn, Appellant,
v.
OUTDOOR MEDIA, INC., a Florida Corporation, Appellee.
No. 71-250.
District Court of Appeal of Florida, Fourth District.
July 26, 1971.
Daniel I. Wincor, North Bay Village, for appellant.
Robert C. Lane, Jr., of Bolles, Goodwin, Ryskamp & Ware, Miami, for appellee.
WALDEN, Judge.
Defendant, Ludlum Enterprises, takes an interlocutory appeal from the denial of its motion to quash service of process.
We believe the motion was improperly denied. We therefore reverse.
After filing an amended complaint, service on defendant corporation was attempted, by delivering a true copy of the initial pleading to Patrick Townley, Agent. Patrick Townley was a desk clerk at defendant's hotel. Townley then delivered the material to the president of defendant corporation.
Defendant moved to quash service of process based on noncompliance with Section 48.081, F.S. 1969, F.S.A., which reads, in part, as follows:
"48.081 Service on corporations. 
"(1) Process against any private corporation, domestic or foreign, may be served:
"(a) On the president or vice-president, or other head of the corporation; and in his absence:
"(b) On the cashier, treasurer, secretary or general manager; and in the absence of all of the above:
"(c) On any director; and in the absence of all of the above:
"(d) On any officer or business agent residing in the state."
There had been no showing of the absence of any of the persons enumerated by the *650 statute upon whom process could be served. Yet the motion was denied.
We feel that the statute in question should be strictly construed. Valid service of process upon a domestic corporation can only be effected by compliance with Section 48.081, F.S. 1969, F.S.A. Florida Medical Association, Inc. v. Spires, Fla.App. 1963, 153 So.2d 756. Strict compliance is accomplished according to language in Largay Enterprises Inc. v. Berman, Fla. 1952, 61 So.2d 366, in the following manner:
"* * * it is established in this jurisdiction that `a return showing service upon an inferior officer or agent of a corporation, in order to bind the corporation, must show the absence of all officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. The absence of all members of a superior class is a condition precedent to the validity of service upon a member of an inferior class.' Drew Lumber Co. v. Walter, supra." [45 Fla. 252, 34 So. 244, 1903]
Further, it is not true, as plaintiff contends, that the purpose of the statute is only to insure the proper result; i.e., the proper officer eventually learning of the suit. Its purpose is to insure notice as high on the corporate heirarchy as possible. Relying on a desk clerk's relay of service does not reach the degree of insurance and efficiency which is normally expected in the legal process. This is amply set out in Imperial Towers, Incorporated v. Dade Home Services, Inc., Fla.App. 1967, 199 So.2d 518 (Section 47.17, F.S.A. 1965 is the predecessor of the current statute).
"`The obvious purpose of this statute [§ 47.17, F.S.A.] is to have the service made upon some one who is held responsible by the corporation and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation. Cherry Lake Farms v. Love, 129 Fla. 469, 176 So. 486; Grady v. Electric Bond & Share Co., 137 Fla. 793, 189 So. 18. This objective is based on good sense and sound reason. For example, one possible objection which has been raised to Rule 4(d) (3), Federal Rules of Civil Procedure, is that unless the plaintiff is compelled to serve the officers and agents holding the more responsible positions, when it is possible to do so, plaintiffs will serve those with less responsibility in the hope that the information will not be transmitted to the proper corporate officers, thus resulting in a default judgment. * * * `[National Organization Masters, Mates and Pilots v. Banks, 5th Cir.1952, 196 F.2d 428]"
In conclusion, we hold that Section 48.081, F.S. 1969, F.S.A., was not strictly construed and service of process was therefore faulty. We reverse.
Reversed.
REED, C.J., and OWEN, J., concur.