379 So.2d 423 (1980)
DADE ERECTION SERVICE, INC., a Florida Corporation, Appellant,
v.
SIMS CRANE SERVICE, INC., a Florida Corporation, Appellee.
No. 78-2303.
District Court of Appeal of Florida, Second District.
January 30, 1980.
Miguel A. Orta of Ress, Gomez, Rosenberg & Howland, North Miami, for appellant.
David M. George of Gatlin & George, Tampa, for appellee.
DANAHY, Judge.
Dade Erection Service appeals an order denying its motion to set aside a default judgment which had been entered for failure to file an answer or other response to a complaint filed by appellee.[1] Appellant contends that the default judgment should have been set aside because service of process had not been perfected pursuant to Section *424 48.081, Florida Statutes (1977).[2] We agree and reverse.
After the complaint was filed, summons was issued directing the sheriff to serve it together with a copy of the complaint on Jorge Morejon, appellant's secretary/treasurer and resident agent; in his absence Manuel Lopez, a director, was to be served; and in the absence of both of these two, service was to be made on any other officer, director, or business agent of appellant. The summons further instructed that service be made at the corporation's address, which also happened to be the address of the private residence of the Morejon and Lopez families.
The form used by the sheriff for return of service shows that "Corporate Service" was not made.[3] Instead, the return form was marked in the space entitled "Other Returns" and contained a hand written notation that at 8:22 a.m. on June 15, 1978, the deputy sheriff "served Dade Erection Service, Inc., by serving Mrs. Jorge Morejon, authorized to accept service."
A default was entered on July 7, and the court granted appellee's motion for a final judgment on July 13. Claiming that service of process had not been made in accordance with Section 48.081(1), appellant moved the court to vacate the default on July 28. The depositions of Mrs. Manuel Lopez, Mrs. Morejon, and the deputy who filed the return were considered by the trial court when it held a hearing on the motion by telephonic means and entered its order denying the motion on November 27, 1978.
There is considerable conflict in their testimony. A summary of the deputy's testimony indicates he was met at the door of the house by Mrs. Lopez and Mrs. Morejon, who informed him that their husbands were not at home and that they generally left early and returned late. Mrs. Morejon stated to him that the company was owned by her and her husband; that she was authorized to accept service; and that she had accepted service for him in the past. We are not told whether such previous suits were against him personally or against the corporation. She did not indicate, nor did the deputy attempt to ascertain, if she held any office or position in the corporation described in Section 48.081. His return of no corporate service indicates he did not serve her in any capacity described in that statute. He did not inquire whether she was an employee of the corporation, and there is no indication he considered her an employee. Following this conversation at the door, the deputy served the papers on Mrs. Morejon and filed the return described above. The deputy had no recollection of having served Mrs. Lopez.[4]
*425 Appellant's contention that the appellee failed to perfect service of process on it as required by Section 48.081 and two of the points raised by appellee to counter that argument merit discussion. Appellee does not argue that Mrs. Morejon was an officer or director of the corporation, but contends that she was properly served as its "business agent." Alternatively, appellee asserts that the corporation failed to comply with the requirements of Section 48.091, thereby implying that the deputy was authorized to effect constructive service on the corporation under the circumstances of this case by leaving the papers with Mrs. Morejon.
Because it is a fictional entity, strictly speaking there can be no personal service on a corporation. Service can only be made on some representative or agent of the corporation designated by law. Clearwater Mercantile Company v. Roberts, Johnson, Rand Shoe Company, 51 Fla. 176, 40 So. 436 (1906); Country Clubs of Sarasota, Ltd. v. Zaun Equipment, Inc., 350 So.2d 539 (Fla. 1st DCA 1977). Sections 48.081 and 48.091 provide the exclusive means of effecting service of process on an active corporation,[5] and these provisions must be strictly construed. Drew Lumber Company v. Walter, 45 Fla. 252, 34 So. 244 (1903); Ludlum Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d 649 (Fla. 4th DCA 1971). Strict compliance with Section 48.081 requires that a return which shows service upon an inferior officer or agent must demonstrate that all members of a superior class could not first be served. This is a condition precedent to the validity of service upon a member of an inferior class. Ludlum Enterprises, Inc. v. Outdoor Media, Inc., supra, citing Largay Enterprises, Inc. v. Berman, 61 So.2d 366 (Fla. 1952).
The necessity for and desirability of such a stringent requirement was discussed in Imperial Towers, Inc. v. Dade Home Services, Inc., 199 So.2d 518 (Fla. 4th DCA 1967), when our sister court approved the following statement set forth in National Organization Masters, Mates and Pilots v. Banks, 196 F.2d 428 (5th Cir.1952):
The obvious purpose of this statute is to have the service made upon one who is held responsible by the corporation ... This objective is based on good sense and sound reason. For example, ... unless the plaintiff is compelled to serve the officers and agents holding the more responsible positions, when it is possible to do so, plaintiffs will serve those with less responsibility in the hope that the information will not be transmitted to the proper corporate officers, thus resulting in a default judgment.
196 F.2d at 430.
The foregoing principles are distilled from cases which are, for the most part, factually distinguishable from the case at bar. Appellant contends, however, that Ludlum Enterprises is on point and compels reversal. In that case, service on the defendant-corporation was effected by serving a copy on a desk clerk, an "agent" of the corporation, at the corporation's hotel. The clerk then delivered it to the president of the corporation. Thus, the corporation had in fact received notice of the suit.[6] The plaintiff there argued that the intended result of the statute was accomplished when the appropriate officer eventually learned of the suit. The court responded that that was not the purpose of the statute; the purpose was, "to insure notice as high on the corporation hierarchy as possible. Relying on a desk clerk's relay of service does not reach the degree of insurance and efficiency which is normally expected *426 in the legal process." 250 So.2d at 650.[7]
That case is distinguishable from the instant case in a crucial respect. There, the serving officer made no attempt to serve the officers and directors in the order listed in the predecessor to Section 48.081(1) before serving the desk clerk, i.e., he had failed to establish the absence of a member of the superior class. The record in the instant case, however, makes clear that the deputy had ascertained the absence of Messrs. Morejon and Lopez from the corporate address before serving Mrs. Morejon. The question on which our decision turns, therefore, is whether Mrs. Morejon was one of the persons authorized to accept service and bind the corporation, i.e., whether she was a member of an inferior class as defined in the statute.
Mrs. Morejon was not a business agent of the corporation as contemplated by Section 48.081(1)(d). We have defined that term in a similar context as a person "who acts as a representative of the corporation and who officially speaks for it in its local business affairs." Continental Home Parks, Inc. v. Golden Triangle Asphalt Paving Company, 291 So.2d 49 at 52 (Fla. 2d DCA 1974). See also Valdosta Milling Company v. Garretson, 54 So.2d 196 (Fla. 1951). Moreover, had the deputy considered Mrs. Morejon to be the corporation's business agent, he would have indicated on the portion of the return provided for "Corporate Service" that he had served her in that capacity rather than in the "Other Returns" category.[8] It seems clear the deputy served Mrs. Morejon because she was the spouse of an officer, director and named resident agent of the appellant. The statute makes no provision for such service of process.
Appellee's argument that appellant failed to comply with the requirements of Section 48.091 is simply not supported by the record. That section requires that the corporation have a registered office open from 10:00 a.m. to 12:00 noon with a registered agent, on whom process may be served, present. But the deputy was there and gone before 8:30 a.m. and so we are not presented with a case where a corporation failed to have its registered agent present at its registered office during the time period such an office is required to be open.[9]
Because service of process was not made in compliance with either Section 48.081 or Section 48.091, the trial court had no jurisdiction over appellant and, therefore, the final judgment was void. Because this is so, the order denying the relief sought by appellant is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and BOARDMAN, J., concur.
NOTES
[1] Both parties are small closely-held corporations. Appellee's complaint was filed on June 7, 1978, and alleged that it was owed over $9,000 by appellant under an equipment lease contract.
[2] Section 48.081(1) provides, in pertinent part, for service of process on corporations in the following manner:

(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or head of the corporation; and in his absence:
(b) On the cashier, treasurer, secretary or general manager; and in the absence of all of the above:
(c) On any director; and in the absence of all of the above:
(d) On any officer or business agent residing in the state.
. . . . .
(3) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091.
Section 48.091 requires every corporation qualifying to do business in Florida to designate a registered agent and registered office, and further requires this office to be open with an agent present "from 10:00 a.m. to 12:00 noon each day, except Saturdays, Sundays and legal holidays."
[3] The form return used in Dade County provides for service on a corporation "[b]y serving a copy of this writ and a copy of plaintiff's initial pleading to [Party Served] as [Position] of defendant [sic] corporation in the absence of any such superior officer as defined in the Florida Statutes."
[4] According to Mrs. Lopez, she was the only one who had ever accepted service of any legal documents, which she had always placed on a bureau for her husband or Mr. Morejon to read in the evening. She did not recall having seen the deputy on the morning of June 15, 1978. She also testified that she was not an employee of the corporation. Mrs. Morejon's testimony was similar. She also stated that she was not an employee or a stockholder of the corporation, and that she had never received service of process in connection with her husband's business, either on June 15 or at any other time.
[5] However, service on a domestic corporation may be by publication if the sheriff has diligently searched in vain for those persons listed in Chapter 48. See § 49.051, and State ex rel. Woods-Young Co. v. Tedder, 103 Fla. 1083, 138 So. 643 (1932).
[6] There is no indication in the case before us that appellant actually received notice of the suit.
[7] A similar result was recently reached in an analogous case. Mac Organization, Inc. v. Harry Rich Corporation, 374 So.2d 81 (Fla. 3d DCA 1979).
[8] See fn. 3, supra.
[9] If that had been the case, and if appellee had been further unable to serve the appropriate corporate official, substituted service of process by publication would likely have been the method available to secure jurisdiction over appellant. Ch. 49, Fla. Stat. (1977).