797 So.2d 623 (2001)
EMERY WORLDWIDE, INC., Appellant,
v.
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellee.
No. 3D01-1100.
District Court of Appeal of Florida, Third District.
October 10, 2001.
*624 Buchanan Ingersoll, and William E. Davis, and Jill Cook Edwards, Miami, for appellant.
McAlpin & Brais, and Richard J. McAlpin, and M. Emelina Mejer Kondla, for appellee.
Before COPE, and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Emery Worldwide, Inc. ("Emery") appeals the denial of its motion to quash service of a writ of garnishment and to vacate a clerk's default, claiming service of process was defective. We agree and reverse.
After a default was entered in favor of appellee, Indemnity Insurance Company of North America ("Indemnity"), Indemnity moved for issuance of a writ of garnishment. The writ was served upon Emery's general manager, Xavier Jasso ("Jasso"), at Emery's Miami Dade County facility. The process server's return of service stated service was made on a "general manager... in the absence of any superior officer as defined in Florida Statute, Section 48.081."
Emery failed to respond to the writ and a clerk's default was entered against it in January of 2001. Indemnity then moved for entry of a final default judgment, and Emery filed a motion to quash service and to vacate the clerk's default.
At the evidentiary hearing, Emery submitted the affidavit of its vice-president. The affidavit stated service of process was defective because Indemnity failed to serve either the vice-president or Emery's registered agent. The affidavit further stated that there are no general managers at Emery's Miami Dade County facility, and that Jasso was a gateway manager who was not authorized to receive service of process on behalf of Emery. At the conclusion of the hearing, the trial judge found that Emery had not provided clear and convincing evidence to overcome the presumptive validity of the return of service and denied the motion to quash.
Section 48.081, Florida Statutes (2000) sets forth the manner of service on a corporation's hierarchy that must be followed in serving process on a corporation. The purpose of the statute's defined hierarchy is to "have the service made upon some one who is held responsible by the corporation and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation. Cherry Lake Farms v. Love, 129 Fla. 469, 176 So. 486; Grady v. Electric Bond & Share Co., 137 Fla. 793, 189 So. 18. This objective is based on good sense and sound reason." Imperial Towers, Inc. v. Dade Home Services, Inc., 199 So.2d 518 (Fla. 4th DCA 1967)(quoting Nat'l Org. Masters, Mates & Pilots of Am. v. Banks, 196 F.2d 428 (5th Cir.1952)).
Here, Emery produced an affidavit of its vice-president which stated Emery maintained a registered agent in compliance with Florida law, and that it had a *625 vice-president located at its offices who was authorized to accept service. The affidavit established that Indemnity failed to strictly comply with the statutory service requirements. See Ludlum Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d 649 (Fla. 4th DCA 1971). Since service was required either upon the registered agent or upon the vice-president, we reverse the order below with instructions to the trial court to quash service of the writ and vacate the clerk's default. See § 48.081, Fla. Stat. (2000); Ludlum Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d at 649.
Reversed and remanded with instructions.